THE STATE OF KANSAS, *Appellant,* v. M. L. ROACH *et al.,* *Appellees.*

No. 17,228.

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Res Judicata—Acquittal in Criminal Action.* An acquittal upon a criminal charge is not a bar to a civil action brought against the defendant by the state, although in order to recover it must prove him to have been guilty of the offense.

2. ——— *Injunction—Liquor Nuisance—Former Adjudication.* In an action by the state to enjoin the maintenance of a place where intoxicating liquors are unlawfully sold it is error to render judgment for the defendant upon the ground that under the same evidence he had already been acquitted of a criminal charge of maintaining such a place.

Appeal from Atchison district court. Opinion filed December 10, 1910. Reversed.

*Fred S. Jackson,* attorney-general, *John Marshall,* assistant attorney-general, *Charles D. Shukers,* special as-

sistant attorney-general, and *Thomas A. Moxcey,* county attorney, for the appellant.

*W. P. Waggener,* and *J. M. Challiss,* for the appellees.

The opinion of the court was delivered by

MASON, J.: M. L. and J. N. Roach were charged with the commission of a misdemeanor by keeping a place where intoxicating liquors were unlawfully sold. At the same time an action was brought against them in the name of the state to enjoin the maintenance of such place as a common nuisance. (Laws 1901, ch. 232, § 1, Laws 1903, ch. 338, § 1, Gen. Stat. 1909, §§ 4387, 4388.) They were acquitted on the criminal charge by the verdict of a jury. The injunction action was afterward submitted to the court upon the same evidence, and a judgment was rendered for the defendants expressly upon the ground that the acquittal constituted an adjudication of the controversy involved in the civil case. In order to obtain an injunction it was necessary for the state to prove that the defendants had committed the precise offense of which upon the same evidence they had been found not guilty. In the two actions the parties were the same, and the acts complained of were the same and were made illegal by the same statute. There was identity of parties and identity of issues. A final judgment in one was necessarily conclusive in the other unless this result is prevented by the fact that one action was criminal and the other civil. In order to procure a conviction on the criminal charge the state was required to establish beyond a reasonable doubt that the defendants had violated the law, while to obtain an injunction it needed only to show this by a preponderance of the evidence. This difference in the degree of proof required has generally been thought sufficient to prevent the application of the doctrine of *res judicata.* (*Cowdery v. The State,* 71 Kan. 450; *People v. Snyder,* 90 N. Y. Supr. Ct., App. Div., 422;

*People v. Rohrs,* 56 N. Y. Supr. Ct. [49 Hun] 150; *United States v. Schneider,* 35 Fed. 107; *Micks v. Mason,* 145 Mich. 212; *State v. Corron,* 73 N. H. 434; *Myers v. Casualty Co.,* 123 Mo. App. 682, 690; *Riker v. Hooper,* 35 Vt. 457; *State v. Sargood,* 80 Vt. 415; *State v. Weil,* 83 S. C. 478; *Busby v. The State,* 51 Tex. Crim. Rep. 289, 307; Freeman, Judg., 4th ed., §§ 319, 319a; 2 Van Fleet's For. Adjud. § 488; 24 A. & E. Encycl. of L. 831, 832.) In the opinion in *Coffey v. United States,* 116 U. S. 436, 445, language was used seemingly of a contrary tendency, and some of the state courts have on that account refused to follow the decision. (*People v. Snyder,* 90 N. Y. Supr. Ct., App. Div., 422; *Micks v. Mason,* 145 Mich. 212.) What was there decided, however, was that after an acquittal upon a criminal charge the facts involved can not be again litigated between the same parties "as the basis of any statutory punishment denounced as a consequence of the existence of the facts." (116 U. S. 445.) In *Stone v. United States,* 167 U. S. 178, it was pointed out that this was the controlling feature of the earlier case, the court saying:

"The judgment in that case was placed distinctly upon the ground that the facts ascertained in the criminal case, as between the United States and the claimant, could not be 'again litigated between them, *as the basis of any statutory punishment* denounced as a consequence of the existence of the facts.' In the Coffey case there was no claim of the United States to property, except as the result of forfeiture. In support of its conclusions, the court referred to *United States v. McKee,* 4 Dill. 128, observing that the decision in that case was put on the ground 'that the defendant could not be twice *punished* for the same crime, and that the former conviction and judgment was a bar to the suit *for the penalty.'* . . . The rule established in Coffey's case can have no application in a civil case not involving any question of criminal intent or of forfeiture for prohibited acts, but turning wholly upon an issue as to the ownership of property. In the criminal case the government sought to punish a criminal

offense, while in the civil case it only seeks in its capacity as owner of property, illegally converted, to recover its value. In the criminal case his acquittal may have been due to the fact that the government failed to show, beyond a reasonable doubt, the existence of some fact essential to establish the offense charged, while the same evidence in a civil action brought to recover the value of the property illegally converted might have been sufficient to entitle the government to a verdict." (pp. 186, 188.)

The decision in the Coffey case seems to have been based rather upon the rule against a second jeopardy than upon the doctrine of *res judicata,* the court apparently treating a civil action to recover a penalty for a violation of the law as in effect a criminal prosecution, although the state courts have generally taken the other view. (17 A. & E. Encycl. of L. 582; 12 Cyc. 260.)

In *State of Iowa v. Meek,* 112 Iowa, 338, the rule was stated to be that after an acquittal the state can not maintain any proceeding against the defendant to enforce a punishment that might have been included in the judgment in the criminal case if a conviction had resulted. The court said:

"It is further contended by appellant that an acquittal in a criminal action is not a bar to a subsequent civil proceeding founded on the same facts. That is the general rule. . . . One reason for this, even where the parties are the same, is the difference in the degree of proof necessary to make a case in the two instances. In the criminal proceeding the state can secure judgment only on proof which excludes all reasonable doubt, while in the civil action its case is made by a preponderance of the evidence. But to this rule there is one notable exception. Where the civil action is to secure a forfeiture, which would have been part of the penalty to be imposed in the criminal proceeding, and is between the same parties, the previous acquittal is a bar." (p. 347.)

In *State of Iowa v. Cobb,* 123 Iowa, 626, and also in *State v. Adams, Claimant,* 72 Vt. 253, an acquittal on

the charge of keeping liquors for unlawful sale was held to be a bar to a subsequent action to condemn the liquors, but the different degrees of proof required in the two proceedings was not discussed. The Vermont case may be accounted for by the rule existing in that jurisdiction, as in some others, that in penal actions, although civil in form, the defendant's liability must be established beyond a reasonable doubt. (16 Encyc. Pl. & Pr. 295, 296.) In *State v. Corron*, 73 N. H. 434, it was said:

"It is only where the object of both proceedings is punishment that any well-considered authorities are to be found holding that a judgment in one case is an estoppel in the other." (p. 448.)

Cases bearing upon various aspects of the matter are collected in a note in 11 L. R. A., n. s., 653. In a note in 103 Am. St. Rep. 21 it is said:

"A judgment in a civil case is not ordinarily *res judicata* in a subsequent criminal prosecution. . . . When the previous judgment arose in a case in which the state or commonwealth was the prosecutor or plaintiff and the defendant in the case at bar was also the defendant, and the judgment was with reference to a subject which is material to the case at bar, the doctrine of *res judicata* applies."

This can not be regarded as a denial by the editor of the force of the argument based on the heavier burden of proof borne by the state in a criminal action, for the note (p. 23) adopts this language from his work on "Judgments":

"A judgment in a civil case must generally be excluded from evidence in a criminal prosecution, because the parties are not the same, and, were they the same, it would be improper to receive a judgment in a civil case as evidence of the commission of a crime of which the defendant is accused, for the reason that such judgment may be founded on a mere preponderance of evidence not sufficient to satisfy the jury beyond a reasonable doubt." (1 Freeman, Judg., 4th ed., § 319a.)

In the preceding section the author indicated his view that on principle the rule should work both ways, saying:

"Even where the parties are the same, there seems to be an injustice in admitting an acquittal in a criminal prosecution in evidence in a civil action, because to procure a conviction in a criminal prosecution the jury must be convinced beyond a reasonable doubt, while in a civil action it is their duty to find according to the preponderance of evidence." (1 Freeman, Judg., 4th ed., § 319.)

The cases cited in support of the second sentence quoted from the note, aside from a few that have already been commented upon, either involve the use in one criminal action of a judgment obtained in another or announce the doctrine, which this court has already repudiated (*The State v. Bevill*, 79 Kan. 524), that perjury can not be punished if committed by the defendant in a criminal action in a successful attempt to procure an acquittal.

The higher standard of proof required of the plaintiff in a criminal action is so frequently mentioned in discussions of the doctrine of *res judicata* that its bearing on the subject may be said to be generally recognized. True, its mention is often associated with other matters that would alone be controlling. But this difference between civil and criminal litigation is either without any significance at all in this connection or it is decisive, and of itself prevents either party to an action from being concluded therein by a previous judgment obtained in a proceeding where the rule of evidence was less favorable to him. We think, upon principle and authority, an acquittal in a criminal case does not for all purposes amount to an adjudication against the state that the defendant did not commit the acts charged against him. What a verdict of not guilty really decides is that the evidence does not exclude every reasonable doubt of the defendant's guilt.

If in the present case the injunction action had been tried first it would hardly be seriously contended that a judgment for the plaintiff would bar a defense in the criminal action. A sufficient reason why the defendant would not be concluded by the result in the civil case is that his guilt would not have been established beyond a reasonable doubt. The consideration that protects him against the plea of *res judicata* in the one case deprives him of its benefits in the other.

The purpose of the injunction action against the defendants is not to punish them for having violated the law, but to place them under an added obligation to refrain from its violation in the future. It is a civil, not a criminal or even quasi-criminal, proceeding. The state is entitled to a judgment if it establishes its case by a preponderance of the evidence. The acquittal in the criminal action is therefore not a bar.

The suggestion is made that the judgment appealed from is not subject to review, because the trial court found against the plaintiff on conflicting testimony. The decision, however, is expressly based upon the result of the criminal prosecution, and not upon the court's view of the weight of the evidence.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.