**STATE OF FLORIDA v. MARK DUBOSE**

11 So. (2nd) 477                                    January Term, 1943
January 22, 1943                                            En Banc
Rehearing Denied Feb. 10, 1943

*J. Turner Butler* and *Alfred T. Airth,* for appellant.

*J. B. Hodges,* for appellee.

CHAPMAN, J.:

The State of Florida, pursuant to the several provisions of Sections 562.39 and 562.40, Florida Statutes 1941, presented to the Circuit Court of Columbia County, Florida, its sworn petition, seeking a forfeiture to the State of Florida of one 1937 Ford car, propery of Mark DuBose, alleged to have been unlawfully used by him in the transportation of moonshine whiskey in Columbia County, Florida, on August 7, 1941, on which a tax was then due and unpaid to the State of Florida by DuBose. An answer was made by DuBose to the allegations of the petition, and testimony by the parties taken in support of the issues tendered, when the Circuit Judge entered an order dismissing the aforesaid petition. An appeal has been perfected therefrom to this Court.

Counsel for appellant submit to the Court as the controlling question for adjudication the following: Does an acquittal of DuBose of the criminal charge by a jury in the county judge's court of having in his possession moonshine whiskey upon which federal taxes were due and unpaid preclude or bar the State of Florida from obtaining a judgment of forfeiture under Sections 562.39 and 562.40, Florida Statutes 1941, of the 1937 Ford car used by him in the transportation of whiskey? While counsel for appellee suggests that the controlling question for adjudication is whether or not the circuit court erred in weighing the evidence adduced in support of the issues made by sworn petition of the State of Florida and answer made under the several provisions of Sections 562.39 and 562.40,. Florida Statutes 1941, seeking a judgment of forfeiture of a Ford car alleged to have been used in the transportation of whiskey, contrary to law, considered in arriving at its decision, a verdict of not guilty rendered by a jury in a criminal prosecution in another court where the identical facts are involved?

The Ford car was seized by the officers on August 7, 1941, when transporting moonshine whiskey without payment of the excise tax. DuBose was driving the car at the time and

was seen to toss the jug containing the whiskey from the car into the ditch, and the same was recovered and adduced in evidence in support of the issues made by the sworn petition and defendant's answer. The Ford car was appraised at a value less than $1000.00. On November 25, 1941, when counsel announced to the court that they had no further testimony to offer in support of the issues made by the sworn petition and answer, the record discloses the following proceedings:

"By the Court:

"Brethren, did I understand that there was a criminal charge based on this case now pending?

"Mr. Horton: Yes sir.

"The Court: When is it to come up?

"Mr. Horton: The next term of Court.

"Mr. Hodges: It was supposed to come up today.

"The Court: When do they have the county court?

"Mr. Hodges: The first and fourth Mondays of each month.

"The Court: Well, as a matter of maintenance of what looks to be like fundamental legal principles that apply to a criminal case, the law presumes every man to be innocent until the State proves him to be guilty from the evidence beyond a reasonable doubt. I think as a matter of proper judicial conduct in a case of this kind so as not to be made liable for any jeopardy upon the rights of a man to be heard fairly before the court, until he is proved guilty or innocent, that I should withhold judgment in this case until the disposition of the criminal charge against him. For this reason, and this is without any indication at all as to what the judgment of the Court will be in this case,—this man is now charged before the County Judge's Court with a violation of the liquor Statute. Say for instance the judgment of the Court in this case would be adverse to him. His rights then in that trial of guilt or innocence would be jeopardized by the former expression of this Court, which might affect his rights upon the question of his guilt or innocence on a trial before a jury where guilt must be shown in the manner indicated under the law. So I think it is the right thing for me to do to just

withhold judgment in this case until that case is disposed of, provided there is not too much delay in disposing of it.

"Mr. Rothstein: (Statement off record)

"The Court: I feel I should withhold judgment until the disposition of the other case."

On March 11, 1942, appellee, by counsel, made known to the Court that he had been placed on trial in the county judge's court on the charge of having in his possession unlawfully on August 7, 1941, a beverage containing more than 1% alcohol by weight on which a federal excise tax was required to be paid but was not paid, and a verdict of not guilty was rendered by the jury sworn to try the issues and the appellee, after the rendition of the verdict, was by the trial court adjudged not guilty. An order was sought by counsel for appellee in the lower court authorizing or allowing appellee to file a certified copy of the proceedings had in the county judge's court in the criminal case to be weighed by the lower court with other evidence adduced in support of the sworn petition seeking a forfeiture of the Ford car of the appellee DuBose.

Counsel for the State of Florida in the civil action objected to the introduction into evidence of a transcript of the proceedings had in the county judge's court, involving the identical facts, on numerous grounds, among which are: (1) the proffered transcript was irrelevant to the issues made in the civil proceedings; (2) the judgment of acquittal does not, as a matter of law, constitute res adjudicata; (3) the quantum of proof required by law in the civil action was different from the criminal action; (4) the civil proceedings, as a matter of law, required proof only by a preponderance, while the proof in the criminal case required the establishment of the defendant's guilt beyond a reasonable doubt; (5) Subsection (3) of Section 562.40 supra directs the circuit judge to hear evidence, on the issues made by the sworn petition and answer thereto, and "to try such issues without a jury, and according to his findings on such issues he shall make such orders as shall be proper." (Emphasis supplied)

The lower court overruled the aforesaid objection and admitted into the evidence in the civil proceedings a transcript

of the proceedings had in the criminal case in the county judge's court and weighed and considered the same, with other evidence adduced, and his findings largely were bottomed on the said proceedings. The order, in part, is viz:

". . . Owing to the pendency of this criminal charge in the County Judge's Court of Columbia County, this Court at the conclusion of the taking of testimony in the forfeiture hearing, announced judgment would be withheld pending the outcome of the criminal proceedings.

"It now appears from certified copies of the proceedings in the County Judge's Court that the defendant was duly tried by jury upon the aforesaid charge and found not guilty.

"It is certain that the statute does not authorize the forfeiture of an automobile unless the same is used in the violation-of above statute, and that to authorize a forfeiture the owner must be guilty of such violation. Here the owner has, in a court of competent jurisdiction, been tried and found not guilty. Therefore, as this Court views it, the forfeiture proceedings should now be dismissed for it manifestly is not the intention of the Statute to penalize with a forfeiture the property of one who has been found guilty of the violation which would authorize such forfeiture. There should be no clashing of the Courts in such matters.

"Therefore, it is ordered that the petition for forfeiture of the automobile as described therein be, and the same is hereby dismissed at the cost of the State, . . . "

Section 562.27, Florida Statutes 1941, provides for the seizure by the director or supervisor of the beverage department or other officers, and a forfeiture thereof to the State of Florida, of designated property unlawfully in the possession of persons, viz: (1) still, piping, worm, still apparatus, mash, and fermented liquids, designed or adapted for or useful in the manufacture of intoxicating beverages; (2) the apparatus enumerated in "(1)" *supra,* with intoxicating beverages, which by the terms of the Act a tax is imposed and has not been paid, with all personal property used to manufacture intoxicating beverages, or to facilitate the violation of the beverage laws; (3) every vessel, boat, cart, carriage, vehicle, automobile, truck aeroplane, other conveyance, all horses and

other animals, used in the transportation or removal of any of the items enumerated in "(1)" and "(2)"; (4) the finding of any still, still piping, still apparatus, still worm, or any part thereof, or any such mash, wort, or wash, or other fermented liquids in the dwelling or place of business, or so near thereto as to lead to the reasonable belief that they are within the custody, possession and control of the occupant of said dwelling or place of business, shall be prima facie evidence of a violation of the beverage laws by the occupants.

The constitutionality of provisions of our Beverage Act has been considered by this Court, inclusive of Section 562.27, and sustained. We held that these provisions, with others, constituted the legal machinery which authorized the director of the State Beverage Department to collect the excise taxes imposed by the terms thereof and to enforce the several provisions of the Act. See Scarborough v. Newsome, 150 Fla. 220, 7 So. (2nd) 321. Our Legislature in the enactment of the measure, considered the necessities of the State and the revenue producing features of the Act, the temptation to evade the payment of the excise tax, and the owners of the property *supra* were advised of the punitive and unlawful use of the described property with its potential forfeiture. In the case of Goldsmith-Jr. Grant Co. v. United States, 254 U. S. 505, 41 Sup. Ct. 189, 190, 65 L. Ed. 376, a similar statute was sustained.

Counsel's views harmonize to the effect that res adjudicata is a doctrine that an existing final judgment or decree, rendered on its merits without fraud or collusion by a court of competent jurisdiction upon matters within its jurisdiction, is conclusive of the rights of the parties and of their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction on matters in issue in the first suit, as defined by this Court in U. S. Gypsum Co. v. Columbia Casualty Co., 124 Fla. 633, 169 So. 532. Likewise to constitute res adjudicata there must exist (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and the parties to the action; (4) identity of the quality of the person for or against whom the claim is made, as outlined by this Court in State ex rel. Sbordy v. Rowlett,

138 Fla. 330, 190 So. 59. Sbordy contended that his acquittal by a jury on a charge of unlawfully practicing medicine without a license was a bar and a preclusion to the Board of Medical Examiners in maintaining a petition to revoke and annul his license to practice medicine obtained by fraud. We held the doctrine of res adjudicata inapplicable. The rule was reaffirmed in State ex rel. Gaetani v. Driskell, 139 Fla. 49, 190 So. 461.

Counsel for appellant cited State v. Roach, 83 Kan. 606, 112 Pac. 150, 31 L.R.A. (N.S.) 670. Roach was acquitted by a jury for maintaining a place where whiskey was unlawfully sold to minors. Likewise suit was filed against him under the provisions of a Kansas Statute, in the name of the State of Kansas, praying for an injunction against the maintenance by Roach of the place where whiskey was unlawfully sold. The evidence adduced in the criminal case later was submitted to the court in support of the bill of complaint praying for a restraining order, along with the verdict and judgment of not guilty, entered in the criminal case; when the contention was made that the acquittal in the criminal case was a bar to and precluded the court from entering the restraining order on the theory that the issues had been adjudicated. The Supreme Court of Kansas concluded that the difference in the quantum of proof required by law in a criminal prosecution from the quantum required in the civil suit was decisive and therefore not controlled by nor within the doctrine of res adjudicata, although the State of Kansas was plaintiff in the two suits and the testimony was identical. See Eagle, Star & B. Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490, with annotations; Schindler v. Royal Ins. Co., 258 N.Y. 310, 179 N. E. 711, 80 A.L.R. 1142, with annotations. The rule enunciated in the Kansas case *supra* has been cited with approval in many other jurisdictions.

The difference in degree of the burden of proof in criminal and civil cases was before the Supreme Court of the United States in Helvering v. Mitchell, 303 U. S. 391, 82 L. Ed. 917, 58 Sup. Ct. 630. Mitchell was indicted for knowingly and fraudulently attempting to defeat and evade the payment of income taxes. He was placed upon trial and by a jury found

not guilty. Certain assessments under the Revenue Act having the effect of a judgment at law, judgment was entered against Mitchell for a large sum of money due the government as an income tax. Mitchell contended that the judgment entered against him was void because it violated the doctrine of res adjudicata. The court denied the contention and in part said (text 303 U. S. 397-8) :

"The difference in degree of the burden of proof of criminal and civil cases precludes application of the doctrine of *res judicata*. The acquittal was 'merely . . . an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' Lewis v. Frick, 233 U. S. 291, 302. It did not determine that Mitchell had not wilfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal prceeding was based has long been settled. Stone v. United States, 167 U. S. 178, 188; Murphy v. United States, 272 U. S. 630, 631, 632. Compare Chantangco v. Abaroa, 218 U. S. 476, 481, 482. Where the objective of the subsequent action likewise is punishment, the acquittal is a bar, because to entertain the second proceeding for punishment would subject the defendant to double jeopardy; and double jeopardy is precluded by the Fifth Amendment whether the verdict was an acquittal or a conviction. Murphy v. United States, 272 U. S. 630, 632."

The case of Murphy v. United States, 272 U. S. 630, 71 L. Ed. 446, 47 Sup. Ct. 218, involved a question certified to said Court whether the former acquittal was a bar to a suit brought to abate a nuisance. Murphy was indicted, tried and acquitted for maintaining a nuisance in violation of the prohibition laws. Subsequently the United States brought suit in equity to abate the nuisance. Murphy established his acquittal in the criminal suit where the identical facts were involved and asked for a dismissal under the doctrine of res adjudicata. The Court disposed of the contention in the following language:

". . . For although the parties to the two cases are the same, the judgment in the criminal case does not make the

issues in the present one *res judicata,* as is sufficiently explained in Stone v. United States, 167 U. S. 178 and Chantangcò v. Abaroa, 218 U. S. 476. The Government may have failed to prove the appellants guilty and yet may have been and may be able to prove that a nuisance exists in the place. Our answer to the question certified agrees with the conclusion of the Supreme Court of Kansas in a carefully considered case, State v. Roach, 83 Kan. 606."

The rule in Murphy v. United States, *supra,* is recognized and approved by 30 Am Jur. par. 291, p. 1003, in language viz:

"291. Judgments of Acquittal.—The great weight of authority supports the rule that a judgment of acquittal is not effective under the doctrine of res judicata in later civil proceedings, and does not constitute a bar to a subsequent civil action involving the same subject matter. This has ever been held true in regard to a civil action brought against the defendant by the State, although in order to recover, it must prove him to have been guilty of the offense of which he has already been acquitted. In this connection, it has been held that an acquittal in a criminal prosecution does not constitute evidence of innocence in a subsequent civil action based upon the alleged criminal act, and is not admissible in favor of the accused in a civil action to prove that he was not guilty of the crime with which he was charged. There are, however, some cases in which the application of these general rules is denied."

The admissibility of a judgment in a civil suit in a criminal prosecution was before this Court in the case of Sims v. State, 54 Fla. 100, 44 So. 737. Sims was on trial in Pasco County for embezzlement and was a county official. The State offered in evidence a certified copy of the verdict and judgment obtained in a civil proceeding against Sims and his bondsmen. Counsel made general objections to its admission and on appeal this Court held that the general objections to the admission thereof were insufficient and, in the absence from the record of specific objections by counsel, reversible error did not appear. Wharton on Criminal Evidence, Vol. 2 (11th Ed.) par. 847, pp. 1459-61, states the rule viz:

"847. Admissibility of Criminal Judgments in Civil Cases. —It is the well established rule that a judgment in a criminal action, when offered in a civil action to establish the facts upon which it was rendered, is not admissible as evidence of such facts. The decisions are in harmony with the general rule as illustrated by the case law in all of the jurisdictions. Even where a judgment is entered in a criminal prosecution on a plea of guilty, such judgment is not conclusive of the truth of the criminal charge when used in a civil case, and the defendant upon the trial of the civil action, may show that he was not guilty of any offense, although judgment on a plea of guilty may be put in evidence against the party entering it, in any subsequent proceedings to which it may be relevant. . . ."

Likewise, at pages 1454-56, par. 846, of the Volume *supra,* the rule as to the admissibility of civil judgments in criminal prosecutions is stated thusly:

"846. Admissibility of Civil Judgments in Criminal Cases. —It is a well-settled rule that judgments and decrees rendered in civil cases are inadmissible in evidence in criminal prosecutions as proof of any facts determined by such judgments or decree. The reasons given to sustain such rule are, generally, that the parties are different, and that the quantum of proof required in one case is different from that required in the other. This rule also pertains even in cases in which the defendant and the state are the parties in the civil action. . . "

The rule supra is sustained by 20 Am. Jur. pars. 1012 and 1013, p. 856. See Green v. State, 204 349, 184 N.E. 183, 87 A.L.R. 1251, and annotations p. 1258; State 1258; State v. Roach, *supra.*

The Beverage Act *supra* provides criminal penalties for its violation and forfeiture of enumerated items of property, enforceable by civil proceedings as prescribed by Sections 562.39 and 562.40. The civil and criminal features of similar Acts have been sustained and upheld on numerous occasions by our highest courts. See Helvering v. Mitchell, *supra,* and text in Vol. 303 U. S. 400 and numerous cases cited. It is our conclusion that the lower court erred in admitting into evidence in the civil proceedings seeking a forfeiture of the

1937 Ford car, the record of acquittal entered in the county judge's court involving the identical facts, and weighing and considering said record in making and entering the order dismissing the sworn petition seeking a forfeiture of the 1937 Ford car alleged to have been used in the transportation of moonshine whiskey. It was the duty of the court under the several provisions of the Beverage Act to base its findings and order on the evidence adduced by the parties to the exclusion of the criminal proceedings had in the county judge's court.

The order of dismissal of the sworn petition is reversed for further proceedings in the lower court not inconsistent with this judgment and opinion.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN, THOMAS, and ADAMS, JJ., concur.

SEBRING, J., not participating.