336 So.2d 385 (1976)
Joseph KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. BB-158.
District Court of Appeal of Florida, First District.
November 5, 1976.
*386 Louis K. Rosenbloum and Leo A. Thomas of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant challenges the order of forfeiture of his automobile rendered by the trial court pursuant to the Florida Uniform Contraband Transportation Act (F.S. Sections 943.41-943.44). He urges reversal because he claims that his automobile was not seized for the crime alleged in the State's motion for forfeiture, no proof of ownership of the automobile was produced at trial, and that he was not convicted of the crime giving rise to the seizure of his car.
The State's motion for forfeiture alleged that appellant's 1975 Thunderbird was seized on July 4, 1975, after discovery therein of more than five grams of marijuana. The arresting officers in their affidavit related the details of appellant's July 4 arrest and asserted that appellant at that time displayed receipts for purchase of the automobile. At the forfeiture hearing, Deputy Phillips added that appellant's automobile was driven to the sheriff's office but was subsequently released. Although the officer testified that the car was released to appellant's mother, appellant testified that the officers returned the car directly to him on July 4, and that he was arrested on a different charge on August 14, 1975, at which time his car was again seized but was not returned. Defense counsel represented to the trial court at the forfeiture hearing that appellant was tried for a charge based on the August 14 arrest and was found not guilty by reason of insanity. The record indicates that some six months after the forfeiture hearing, appellant was tried on the charges based on the July 4 arrest and was found guilty by a jury of possession of marijuana and carrying a concealed weapon and not guilty by reason of insanity of aggravated assault. The record does not reveal an *387 adjudication of guilt nor sentence. (See Ellis v. State, 1930, 100 Fla. 27, 129 So. 106).
Appellant first argues that his automobile was not seized after the July 4 arrest as claimed in the State's motion, but was returned to him, claiming that his vehicle was not seized until after the August 14 arrest. It would be unjust, according to appellant, to seize an automobile for a subsequent crime, and then to forfeit that automobile by reason of facts alleged for a previous crime.
The language of the statute refutes appellant's argument. F.S. § 943.43 provides, in pertinent part:
"Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s. 943.42 or in, upon, or by means of which any violation of said section has taken or is taking place shall be seized and may be forfeited. * * *" (emphasis supplied)
The statute clearly contemplates that proof of past violations of the act may provide the basis for forfeiture.
Appellant's argument that no proof of ownership was adduced at trial is also without merit.
Finally, appellant contends that the State did not prove that he had been convicted of the crime giving rise to the seizure. To resolve that issue, we must determine what effect, if any, conviction or acquittal of a criminal charge arising out of conduct declared by F.S. 943.42 to be unlawful has on forfeiture proceedings under the act. (F.S. 943.41-943.44)
In an early case, Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), the Supreme Court of the United States held that acquittal of a criminal charge for the same conduct resulting in a subsequent forfeiture proceeding was "conclusive" and that forfeiture would not be permitted. However, subsequent cases have, while paying lip service to the Coffey case, arrived at opposite conclusions. (See One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972 and United States v. One 1969 Buick Riviera Automobile, 493 F.2d 553, 5th Cir., Fla., 1974). It is not necessary though for us to attempt to reconcile those cases, because the issue has been resolved, we believe, by the Supreme Court of Florida, to which we look for guidance, in State v. Dubose, 1943, 152 Fla. 304, 11 So.2d 477.
In the Dubose case, Justice Chapman speaking for the court, citing numerous texts and cases from other jurisdictions, and various Federal decisions, held in a forfeiture proceeding under F.S. 562.39-562.40, F.S. 1941, similar to our present Florida Uniform Contraband Transportation Act, that acquittal of a criminal charge based on conduct alleged to form the foundation of a subsequent forfeiture proceeding does not bar a civil action arising out of the same facts and conduct, and that neither the record nor judgment in the criminal action were admissible in the subsequent civil action seeking forfeiture.
It is clear that forfeiture proceedings pursuant to F.S. 943.44, are civil in nature. The Dubose case is therefore controlling. A fortiori if the record and judgment in the criminal action are not admissible in the civil forfeiture proceeding, neither conviction nor acquittal in the criminal action can have any effect on the forfeiture proceeding.
AFFIRMED.
RAWLS and SMITH, JJ., concur.