ANSTEAD, Judge,
dissenting:
This is an appeal from a final judgment of forfeiture of a motor vehicle pursuant to Chapter 943, Florida Statutes. Sometime prior to September 11, 1978, the appellant, Famiglietti, filed a suit for replevin against the sheriff of Broward County in order to recover possession of a 1976 Mercedes Benz. On September 11, the state commenced this proceeding by filing a “Petition For Rule To Show Cause Vehicle Forfeiture” pursuant to Sectioti 943.44, Florida Statutes (1977). Attached to the petition was a copy of the appellant’s replevin complaint.
The state’s petition alleged that the automobile in question was used to facilitate the trafficking in a controlled substance in violation of Section 943.43, Florida Statutes. The petition asked the court to issue a rule to show cause, to hold a hearing on the rule, and to order that the vehicle be forfeited to the petitioner. The court issued a rule to show cause which required the appellant “to show cause, if any you can, before me [the court] in my Chambers at the Broward County Courthouse” on December 13, 1978, why the vehicle in question should not be forfeited. On September 20th appellant filed a motion to dismiss the “Petition For Rule To Show Cause Vehicle Forfeiture.” The court denied the motion on October 3, 1978. Also on October 3rd the sheriff served the appellant with a copy of the rule to show cause and a summons which directed the appellant to serve any written defenses to the petition on an assistant state attorney within 20 days of service of the summons.
On December 15, 1978, the state notified appellant’s counsel that the court would hold a hearing on the rule to show cause on February 1, 1979. The state subsequently reset the hearing date for May 1, 1979. However, on February 5, 1979, the state filed a motion for a default on the ground that appellant had failed to file any responsive pleadings to the September 11th petition. On February 28, 1979, the court entered an order in which the court found that appellant was in default and had been since 10 days after his motion to dismiss had been denied. Thereafter the court entered an ex parte final judgment of forfeiture and the May 1 hearing date was can-celled.
On appeal Famiglietti contends the trial court erred in entering a default against him and then proceeding to enter an ex parte final judgment.
It is with reluctance that I express my disagreement with the trial court in this case, because his perception of the proper procedure to follow in a Section 943.44 forfeiture proceeding certainly appears to be the better practice and comports with most civil judicial proceedings.[1] In the usual civ *768 il proceeding the party seeking relief filed a complaint and the sheriff serves the defendant with process. The defendant then must file a responsive pleading within a specified time. Each step is mandated by established court rules. But this forfeiture proceeding is based upon a statute. Nowhere in that statute is there a provision that directs a vehicle owner to file a response to the state attorney’s petition for forfeiture. The statute simply provides for the filing of a petition and issuance of a rule to show cause. The rule to show cause issued herein paraphrased directed the appellant to show cause before the court in chambers on a specific date and time why the vehicle in question should not be forfeited for the reason that it was used in violation of Sections 943.42 through 943.44, Florida Statutes.
Appellant points out that there are other statutes[2] authorizing forfeiture which expressly provide that a person against whom a forfeiture proceeding is pending shall file a pleading after service of a rule or order to show cause. Rules to show cause appear to be falling out of vogue. See Trawick, Florida Practice and Procedure § 9-2 (1979); 5 Wright & Miller, Federal Practice and Procedure: Civil § 1195. However, in its day a rule to show cause had a function; namely, to give notice of a hearing of a motion. In 60 C.J.S. Motions and Orders § 20a, pp. 32-33, this function is described as follows:
Use as short notice of motion. The most usual use of orders to show cause is as a method of shortening the notice of motion prescribed by law; and, when so used, it is exactly equivalent to, and a substitute for, a notice of motion, and no further notice is necessary if the order to show cause contains, as it should, the requisites of a notice, although a service of a notice also in such case [had] been held to be unobjectionable. An order to show cause has been said to be merely notice of the pendency of a summary proceeding or a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted. (Footnotes omitted)
Trawick, supra, says, “A rule to show cause is notice of hearing signed by a judge.” Surely one would not suggest that a party is required to respond to a notice of hearing or be defaulted. Similarly, it would not appear proper for courts to enter defaults for lack of answers to rules to show cause in actions such as injunction proceedings, divorce cases and receivership proceedings.
I agree with the trial court that it would be the better practice for the party who is directed to show cause to file a responsive pleading, simply because it may facilitate the hearing by framing the issue between the parties. However, unless some statute, procedural rule, or court order mandates a written response to an order to show cause issued pursuant to Section 943.44, I am reluctant to affirm a default judgment forfeiting property because the person to whom the order to show cause is directed has filed no written response to the rule. In this ease there can be no question appellant intended to pursue his rights to the vehicle involved in this cause, as he had filed a suit for replevin against the sheriff for its return and a copy of that petition and the summons issued thereon were attached as exhibits to the petition for forfeiture in this proceeding.
For these reasons, I would reverse the judgment appealed from and remand the cause to the trial court with directions to set ■ the forfeiture proceeding for hearing before the court. If the trial court feels a response to the rule to show cause is necessary, the court could direct the appellant to file such a response forthwith.

. A forfeiture proceeding authorized by the Uniform Contraband Transportation Act, Sections 943.41-943.44, Florida Statutes (1977), is a civil proceeding. State v. Dubose, 152 Fla. *768 304, 11 So.2d 477 (1943); Knight v. State, 336 So.2d 385 (Fla. 1st DCA 1976).

. §§ 116.25(2) and 562.40, Fla.Stat. (1977).