SHIVERS, Judge.
City of Tallahassee appeals from a final order denying forfeiture of an automobile under Section 943.43, Florida Statutes (1980 Supp.), on the ground that the owner of the automobile had not been convicted of any offenses arising out of the circumstances leading to the seizure of the automobile. We reverse.
The facts which led to the seizure of the yellow, 1979 Fiat 2-door sedan are not disputed. The appealed order expressly found:
(1) the vehicle was owned by Walter E. Peterson;
(2) Peterson concealed contraband in the vehicle;
(3) Peterson attempted to sell the contraband obtained from the vehicle to an off-duty Tallahassee police officer; and,
(4) when Peterson presented the contraband to the officer and demanded payment, the officer arrested him and seized the vehicle and the contraband contained in the vehicle.
The trial court denied forfeiture solely on the ground there was no proof that Peterson had been convicted of an offense arising out of the circumstances leading to the seizure of the vehicle.
The denial of forfeiture under these circumstances constitutes reversible error because nowhere in the Florida Contraband Forfeiture Act, Sections 943.41-943.44, Florida Statutes (1980 Supp.) is proof of conviction a condition precedent to an order of forfeiture, provided it is shown the owner of the subject vehicle had or should have had knowledge that the vehicle was being used in criminal activity.
Section 943.43(1), Florida Statutes (1980 Supp.), provides, in part:
Any ... motor vehicle ... which has been or is being used in violation of any provision of Section 943.42 .. . shall be seized.
Section 943.42(l)-(4), Florida Statutes (1980 Supp.), states that it is unlawful to use any motor vehicle for the “transport,” “purchase,” “sale,” or “possession” of contraband. Section 943.43(1), supra, goes on to state:
In any incident in which possession of any contraband article defined in Section 943.41(2)(a)-(d) constitutes a felony, the ... motor vehicle ... in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture.
Section 943.41(2)(a), Florida Statutes (1980 Supp.), defines contraband article as: “any controlled substance as defined in Chapter 893 .... ” [Here, Peterson attempted to sell the off-duty police officer Methaqualone which is a controlled substance under Section 893.03(2)(c)5., Florida Statutes (1980 Supp.). Under Section 893.-13(l)(a)2., Florida Statutes (1980 Supp.), possession or sale of Methaqualone is a third degree felony.] Section 943.43(1), supra, then states:
It shall be presumed in the manner provided in Section 90.302(2) [(rebuttable presumption) ] that the ... motor vehicle ... in or on which such contraband article is located at the time of seizure, is being used or was intended to be used in a manner to facilitate the transportation, ... concealment ... possession ... [or] sale ... of a contraband article defined in Section 943.41(2)(a)-(d).
Section 943.44(1), Florida Statutes (1980 Supp.) provides that an attorney employed by the seizing agency
... shall promptly proceed against the ... motor vehicle ... by rule to show cause in the circuit court .. . and may have such ... motor vehicle ... forfeit *1102 ed to the use of, or to be sold by, the law enforcement agency, ... upon producing due proof that the . .. motor vehicle .. . was being used in violation of the provisions of such law.
Moreover, this Court has held that neither conviction nor acquittal in the companion criminal case can have any effect on the forfeiture proceeding because forfeiture under Section 943.44 is civil in nature and the record and judgment in the criminal action is not admissible in the civil proceeding. Knight v. State, 336 So.2d 385 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 424 (Fla.1977). Although Knight, supra, involved a forfeiture proceeding under Sections 943.43 and 943.44, Florida Statutes (1974 Supp.), there is no relevant difference for purposes of the present appeal between the 1974 and 1980 forfeiture statutes. The 1974 forfeiture statute still provided for seizure and forfeiture whenever a motor vehicle was used to “conceal or possess any contraband” or “to facilitate the transportation ... [or] sale ... of any contraband article.” Section 943.42 and Section 943.43, Florida Statutes (1974 Supp.).
Therefore, the trial court erred in denying forfeiture on the ground that Peterson had not yet been convicted of an offense arising out of the circumstances leading to the seizure of his automobile. Neither conviction nor acquittal in the companion criminal case is relevant to the civil forfeiture proceeding. As dictated by Section 943.44(1), supra, the attorney for the seizing agency “shall promptly proceed against” the motor vehicle and nowhere in the forfeiture act is proof of conviction a condition precedent to the trial court’s ordering forfeiture.
Accordingly, the appealed order is reversed and remanded for further proceedings consistent with this opinion.
ERVIN, J., concurs.
WENTWORTH, J., concurs with conclusion only.