416 So.2d 872 (1982)
Mary MARKS, 1979 Pontiac Trans Am Vin Number ZX87Z9L171238, Appellant,
v.
STATE of Florida, Appellee.
No. 81-489.
District Court of Appeal of Florida, Fifth District.
July 14, 1982.
*873 Richard A. Krause, Ormond Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Mary Marks seeks reversal of an order of forfeiture of her 1979 Pontiac Trans Am automobile. The state claimed that the vehicle had been used to aid in the commission of a felony (aggravated assault) and was subject to forfeiture as contraband under The Florida Contraband Forfeiture Act.[1] We affirm the order of forfeiture.
At the time of the incident, the vehicle in question was being driven by Leo Dukes. The vehicle, however, was titled and registered in the name of Mary Marks. In the order of forfeiture, the trial court found that Dukes had committed one or more aggravated assaults while driving the vehicle, that he had placed apparent legal ownership in Marks to avoid forfeiture and that he was the actual owner of the vehicle. The court also determined that it had properly acquired personal jurisdiction over Dukes.
We find that the evidence is sufficient to sustain the trial court's determinations. We also conclude that the vehicle was subject to forfeiture as contraband under the act.
Section 932.701(2)(e)[2] defines a contraband article as:
Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony. (emphasis added)
Section 932.702(4)[3] makes it unlawful to conceal or possess any contraband article. Section 932.703 outlines the procedure for the forfeiture of any contraband article used in violation of section 932.702.[4]
The Trans Am involved in the present case is clearly a "vehicle of any kind" within *874 the purview of the forfeiture act. An aggravated assault is also clearly included in the class of "any felony."[5] As the vehicle was employed as "an instrumentality in the commission of any felony," it was a contraband article. Once the contraband article was "possessed", it was properly subject to forfeiture.
Marks, however, contends that it is necessary for the state to prove that Leo Dukes had been convicted of the felony. Whether Dukes has been convicted of aggravated assault does not appear in the record.
In City of Tallahassee v. In Re: The Forfeiture of One Yellow 1979 Fiat etc., 414 So.2d 1100 (Fla. 1st DCA 1982), the First District held that neither the conviction nor the acquital in the companion criminal case was relevant to the forfeiture proceedings. This holding derives from the fact that forfeiture proceedings are civil in nature and the record and judgment in criminal actions are not admissible in civil forfeiture proceedings. State v. Dubose, 152 Fla. 304, 11 So.2d 477 (Fla. 1943). Knight v. State, 336 So.2d 385 (Fla. 1st DCA 1976).[6]
We agree with our sister court that proof of a conviction is not necessary. Forfeiture is a civil remedy and the law does not and never has required proof beyond a reasonable doubt to sustain the plaintiff's case. The legislature sets the standard of proof when it enacts the statute as a civil penalty. Had the legislature wanted to require a burden of proof greater than the civil standard  proof by a preponderance of the evidence  then it could have required that proof of a conviction of the felony was necessary to entitle the state to forfeiture.
AFFIRMED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] §§ 932.701-932.704, Fla. Stat. (1981).
[2] Formerly section 943.41(2)(e), Florida Statutes (Supp. 1980).
[3] Formerly section 943.42, Florida Statutes (Supp. 1980).
[4] Section 932.703, formerly section 943.43, Florida Statutes (Supp. 1980), provides as follows:

Forfeiture of vessel, motor vehicle, aircraft, other personal property, or contraband article; exceptions. 
(1) Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s.932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. All rights and interest in and title to contraband articles or contraband property used in violation of s.932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act. In any incident in which possession of any contraband article defined in s.932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture. It shall be presumed in the manner provided in s.90.302(2) that the vessel, motor vehicle, aircraft, or personal property, in or on which such contraband article is located at the time of seizure, is being used or was intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s.932.701(2)(a)-(d).
(2) No property shall be forfeited under the provisions of ss.932.701-932.704 if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.
(3) No bona fide lienholder's interest shall be forfeited under the provisions of ss.932.701-932.704 if such lienholder establishes that he neither knew nor should have known after a reasonable inquiry that such property was being used or was likely to be used for illegal activity, that such use was without his consent, express or implied, and that the lien had been perfected in the manner prescribed by law prior to such seizure. If it appears to the satisfaction of the court that a lienholder's interest satisfies the above requirements for exemption, such lienholder's interest shall be preserved by the court by ordering the lienholder's interest to be paid from such proceeds of the sale as provided in s.932.704(3)(a).
[5] § 784.021(2), Fla. Stat. (1981).
[6] In One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), the Supreme Court noted that acquittal of criminal charges may represent only an adjudication that the proof was not sufficient to overcome all reasonable doubts of guilt and is not an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings. The court also noted that the criminal offense may require proof of an element such as intent that is not required in the forfeiture proceedings.