HERSEY, Judge,
dissenting.
I respectfully dissent. My assessment of the evidence presented in the trial court leads me to the same conclusion reached by the trial judge; that is, that the police officer had probable cause to believe the subject pick-up truck was used to facilitate the commission of a felony, to-wit, dealing in stolen property.
The majority intimates that the evidence did not establish “that the appliances in the vehicle were stolen.” I disagree.
Approximately one-half hour prior to the stop of petitioner’s vehicle, the officer observed the appliances at a construction site which had been the target of prior vandal-isms. Once the officer saw the appliances in petitioner’s truck (which appeared identical to the appliances previously observed just a mile or two away) and heard petitioner’s unconvincing explanation that he was delivering the appliances to some apartments for an unknown individual he met hitchhiking, after a promise of $25 to pick up said appliances at an address in Loxa-hatchee also unknown to the petitioner, the officer had the requisite probable cause needed in forfeiture proceedings.
Forfeiture is a civil remedy and the law does not require proof beyond a reasonable doubt to sustain the petitioner’s case. Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1982); Tallahassee v. The Forfeiture of One Yellow 1979 Fiat, 414 So.2d 1100 (Fla. 1st DCA 1982).