ERVIN, Judge.
Appellants William Henry Forrest and Gayle Newell appeal convictions for grand theft. Additionally, Forrest appeals a determination of habitual offender status and a departure from the sentencing guidelines. We affirm the conviction of both appellants, while reversing the determination of habitual offender status and the departure sentence of appellant Forrest.
Appellants were charged with grand theft of a mobile home owned by James Powell, .the stepson of Forrest and the stepbrother of Newell. Both the state and the defense filed motions in limine. The state sought to bar the admission into evidence of a court order designating Newell as receiver for a mobile home park, known as “Forrest Mobile Home Park”, and the defense moved to prevent the admission into evidence a final judgment in a civil case, determining that Newell did not have lawful possession of the trailer in question.
The court ruled that if the defense elected to have admitted the order designating Newell as receiver, it would admit also the judgment determining the ownership of the trailer as a state’s exhibit, concluding, “We will put it all in or none of it in.” The court went onto warn defense counsel that “[i]f it comes in through cross examination[,] or otherwise[,] that the receivership disposed of the matter then I will allow [the state] to put into evidence the [civil judgment].” During cross-examination of the victim, James Powell, defense counsel referred to the judicial order naming New-well receiver of the mobile home park. Subsequently, the state offered the civil adjudication of the trailer’s ownership into evidence at the close of its case-in-chief. Consistent with his prior ruling, the court allowed admission of the document over the objection of appellants.
The jury found both defendants guilty of grand theft. Adjudication of guilt of New-ell was withheld, and she was sentenced to five years’ probation. After a hearing on the state’s motion to determine whether Forrest qualified for habitual offender status, the trial court found Forrest an habitual offender, and sentenced him to seven years’ incarceration, departing from the guideline sentence of 3½ to 4½ years.
Appellants raise several issues from their appeals of the grand theft convictions. We find that only one of the issues, relating to the convictions for grand theft, warrants discussion, and affirm as to the other issues without discussion.
Appellants contend that the trial court erred in admitting into evidence the civil judgment establishing ownership of the subject trailer. We disagree. Although, as a general rule, the outcome of civil cases is not admissible in subsequent criminal proceedings, on the grounds that the parties are different and the quantum of proof required in civil cases is less than that required in criminal trials, 3 Wharton’s Criminal Evidence § 654 (1973); see also Lawton v. State, 13 So.2d 211, 212 (Fla.1943); State v. Dubose, 152 Fla. 304, 11 So.2d 477, 481 (1943); 32 FlaJur. Judgment and Decrees § 164 (1981), this rule is subject to the exception that “where the judgment is offered to prove a collateral fact in the case, and not to show guilt or innocence, it may be allowed into evidence.” Wharton at § 654 (e.s.). In the instant case, the civil judgment was offered for the purpose of rebutting appellants’ claims regarding receivership, rather than proving guilt or innocence, and, as evidence of a collateral fact, its introduction was not error.
We are aware of appellants’ contention that even if the civil judgment was otherwise relevant and admissible, its probative value was outweighed by its prejudicial impact, and it was therefore inadmissible pursuant to Section 90.403, Florida Statutes. We could agree if the civil judgment had been unilaterally offered into evidence by the state over appellants’ objections. Appellants, however, made a calculated choice to bring up the subject of the receivership during cross-examination, with full knowledge that the state would counter by introduction of the civil judgment; accordingly appellants must suffer the consequences of their decision.
*153 We reverse, however, the trial court’s declaration of Forrest as an habitual offender, in that the court failed to make a satisfactory finding that an extended sentence was necessary for the protection of the public, as required by Section 775.084(3), Florida Statutes. In its determination that such declaration was necessary, the court made the following finding:
8. That due to the large number and nature (many theft related) of the prior offenses, imposition of sentence under the enhanced penalty provisions of Section 775.084, Florida Statutes, for Habitual Felony Offenders is necessary in this instance for the protection of the public from further criminal activity by the defendant;
This is an insufficient finding, as all it contains is a vague reference to appellant’s prior record. See Brown v. State, 497 So.2d 887, 888 (Fla. 5th DCA 1986) (“A conclusory statement that the extended sentence is necessary for the protection of the public, without findings of fact to support that conclusion does not satisfy section 775.084(3)(d).”); Rosemond, v. State, 489 So.2d 1185, 1186 (Fla 1st DCA 1986) (“generalized reference to [a] prior bad record was insufficient to justify the imposition of an enhanced sentence_”).
We reverse also the trial court’s departure sentence, in that the sentence fails to list any clear and convincing reasons for departure from the recommended range. The court offered two reasons for departure: the first, appellant’s habitual offender status, is invalid because, as stated, the declaration of habitual offender status was deficient. In any event, habitual offender status cannot be a valid ground for departure from the sentencing guidelines. See Whitehead v. State, 498 So.2d 863 (Fla.1986). The second, that Forrest abused the trust of a “family relationship” in committing the crime, on the ground that Forrest is the stepfather of the victim, James Powell, is invalid, because, in our judgment, the court’s characterization of abuse of a family trust is not, under the circumstances at bar, a clear and convincing reason for departure. In making his finding, the trial court relied upon Williams v. State, 462 So.2d 36 (Fla. 1st DCA) review denied, 471 So.2d 44 (Fla.1985), involving the lewd, lascivious or indecent assault upon a child less than 14 years of age. The abuse of such a family relationship is hardly comparable to the facts involved in the case at bar, involving a crime against property, rather than a crime against a person. Neither can the facts in the instant case be compared to those in Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986), also relied upon by the trial court, in which a wife shot and murdered her husband at point-blank range.
Since the trial court has failed to offer any clear and convincing reasons for departure, Case No. BM-296 is remanded to the trial court for resentencing within the guideline range.
AFFIRMED in part, REVERSED in part and REMANDED for consistent proceedings.
MILLS and WIGGINTON, JJ., concur.