# STATE OF FLORIDA v RUSH
## Case No. 87-153965 TT A02
County Court, Palm Beach County

October 22, 1987

## APPEARANCES OF COUNSEL

**Robert Reynolds,** Assistant State Attorney, for plaintiff.
**Joseph R. Atterbury** for defendant.

## OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress, and the Court, after having heard testimony and argument of Counsel, hereby denies the motion.

The Defendant sought to suppress evidence of his refusal to take a breath test, the video tape, and any statements that he made. There were two general grounds asserted in support of this motion. The first assertion was that the evidence was illegally obtained as a result of a warrantless arrest for DUI not supported by probable cause. The second assertion, which is peripherally related to the first, was that the doctrine of Res Judicata and Collateral Estoppel would bar the introduction of the evidence.

The Court heard testimony from Deputy Myers that he stopped the Defendant for exceeding the speed limit. Other than exceeding the speed limit, the Defendant's driving did not manifest any other evidence of impairment. The Deputy stated that the Defendant had poor balance, stumbled while walking, had an odor of alcohol, bloodshot, watery eyes, and slurred speech, and that he refused to perform the road-side sobriety tests when asked. He testified further that, in his opinion, the Defendant was impaired and he therefore arrested him for DUI. There was a stipulation that the implied consent procedures were properly performed.

Probable cause is generally defined as facts and circumstances within the knowledge of the Officer, that would reasonably lead him to believe that a crime has been committed. It is beyond dispute that probable cause for an arrest for DUI can arise subsequent to a traffic stop for an unrelated infraction. *State v. Cirrillo,* 506 So.2d 495 (5th DCA 1987).

Based upon the Deputy's testimony, the Court is of the opinion that the Deputy had probable cause to arrest the Defendant for DUI, which would validate the subsequent "seizures" of evidence in the case.

The second ground asserted by the Defendant, Res Judicata and Collateral Estoppel, is, by far, more interesting. On September 14, 1987, a hearing was held before Judge Garrison on the issue of the suspension of the Defendant's driver's license, pursuant to Section 322.261(3), due to his refusal to undergo a breath test. Judge Garrison

ruled that the State had failed to meet its burden and granted the Defendant's Petition Per Implied Consent. The order, other than a bare recitation that the petition is granted because the State failed to meet its burden, did not set out any findings of fact.

The doctrine of Res Judicata and the related doctrine of Collateral Estoppel, which are more often applied to civil matters, stand for the proposition that final judgments rendered on the merits, by a Court having competent jurisdiction, is final and binding upon the parties as to issues that were, or should have been litigated therein. 32 Fla. Jur.2d 107 et seq.

The Defendant argues that, pursuant to 322.261(3), in an "Implied Consent" hearing, there are four elements at issue: whether there was reasonable cause to believe that the Defendant was driving under the influence; whether there was a valid arrest; whether the Defendant was asked, and refused to submit to a breath test; and whether the Defendant was properly warned of the legal consequences for such refusal. Further, that a defect as to any one of these elements would require the Court to grant the Defendant's petition. The Defendant asserts that since Judge Garrison granted the petition, he, by doing so, determined each one of the issues against the State and that this judicial determination should, therefore, be binding upon the Court in any hearing on the substantive charge. Under this theory, all of the evidence should be suppressed (there being a theoretical finding of no reasonable cause to believe that the Defendant was driving under the influence, let alone probable cause for the arrest).

The obvious problem with this assertion is that there is no way of knowing what defects in the State's case caused Judge Garrison to make his ruling. A failure of proof as to any one of the above elements could have led to the same result.

The Defendant argued, in the alternative, that in any case, evidence of the refusal should be barred because regardless of the actual problem in the State's case, any defect in the proof would also mandate exclusion of that particular piece of evidence.

Neither party was aware of any cases that applied these doctrines in criminal cases. However, in *State v. Dubose,* 11 So.2d 477 (S.C. 1943), the Florida Supreme Court held, in a factually distinct criminal case, that an acquittal in a criminal case did not, under the doctrine of Res Judicata, bind a Court in a subsequent civil action. The Court held that for the doctrines to apply, there must be four identifies: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and the parties to the action; (4) identity of the quality of the person for or against whom the claim is made. . . ."

**106**

Applying the above test to the facts in the case at bar, it is clear that the doctrines of Res Judicata and Collateral Estoppel do not apply. This is so because there is no identity in the thing sued for, nor the cause of action. In an "Implied Consent" action, the thing sued for is the continuation of the privilege to drive. Whereas, in a criminal case, the thing sued for is the personal liberty of the Defendant. One cause is civil in nature, the other criminal, with different standards of proof, rules of procedure, and rules of evidence. The cause of action in the criminal proceeding arises from Chapter 316.193; the cause of action in the other is brought under 322.261.

DONE AND ORDERED, this 22nd day of October 1987 at West Palm Beach, Florida.