ERVIN,'J.,
concurring.
Although I concur with the majority’s decision to reverse and remand, I write separately to address what appears to be a misconception by the judge of compensation claims (JCC) in entering the order on review.- While considering appellee Rien-zi’s claims for various compensation benefits, the JCC sustained Rienzi’s objection to the employer/carrier’s (E/C) request to admit the parties’ settlement agreement, explaining that he had previously ruled he did “not have jurisdiction to enforce the settlement agreement which was upheld by the First District Court of Appeal as evidenced by the mandate.” The JCC thereupon concluded that his previous order refusing to enforce the settlement agreement was res judicata of the admission issue. As explained more fully later in this opinion, neither the JCC’s prior order denying enforcement had res judica-ta effect, nor did our decision dismissing the appeal establish the law of the case regarding whether the agreement should be admitted.
Following Rienzi’s compensable accident of September 21, 2002, causing injuries to his shoulder and back, the parties entered into and signed a settlement agreement. Pursuant to the provisions of section 440.20(ll)(c), Florida Statutes (2002), which provides the JCC need only approve the amount of attorney’s fees to be paid by claimant to his or her attorney, and not the settlement agreement, claimant moved for approval of fees, but later withdrew the motion as well as his agreement to settle. Thereafter the E/C filed two motions to enforce the agreement, both of which the JCC denied, concluding based on the language of the statute that he did not have jurisdiction to enforce the agreement. The E/C took an appeal from the order denying the second motion, and this court issued an order directing the E/C to show cause why the appeal should not be dismissed because the order for which review was sought did not appear to be either a final or an appealable non-final order. After examining the response, this court issued a per curiam opinion dismissing the appeal. Divosta Bldg. Corp. v. Rienzi, 861 So.2d 1154 (Fla. 1st DCA 2003). Thereafter a merits hearing was conducted on claimant’s petition for benefits at which the E/C attempted to introduce the settle *1213 ment documents, and the JCC, based on the earlier orders denying enforcement, sustained claimant’s objection to their admission.
To the extent the JCC relied upon the doctrine of res judicata as support for his decision to disallow the admission of the settlement agreement, the law is clear that the doctrine has no applicability to the circumstances at bar, because there was no final judgment or order rendered on the merits upon matters within the tribunal’s jurisdiction. See State v. Dubose, 152 Fla. 804, 11 So.2d 477 (1943). I consider the record reasonably clear that the JCC had not earlier entered an order addressing the merits of claimant’s petition; therefore, the orders denying enforcement of the agreement could have no binding effect on the identical issue reached in the subsequent proceeding.
As evidenced by this court’s decision to dismiss the appeal from the order denying the motion to enforce the settlement agreement, that order was both non-final and non-appealable; consequently, the dismissal could have no conclusive effect upon the question of whether the JCC had jurisdiction to consider the agreement. In that our prior decision was limited to a determination only that we lacked jurisdiction to entertain the appeal, it could not constitute the law of the case of any substantive issue, because the doctrine requires that a ruling be entered that establishes the controlling legal rule of decision between the same parties in the same case. U.S. Gypsum Co. v. Columbia Cas. Co., 124 Fla. 633, 169 So. 532 (1936).
Because this court’s case law holds, as set out in the majority’s opinion, that despite the current statutory revisions governing settlement agreements, a JCC still retains jurisdiction to decide whether a settlement agreement was reached, I concur with the majority’s decision.