STATE *ex rel.* DR. JOSEPH DE GAETANI v. DR. S. E. DRISKELL, *et al.,* constituting the State Board of Medical Examiners of Florida.

190 So. 461
Opinion Filed June 27, 1939
Rehearing Denied July 24, 1939

*Dr. J. L. Avellanal* (Atlanta, Georgia), *J. H. Swink* and *Frank B. Bozza* and *Harold W. White,* for Appellant;

*John W. Prunty,* for Appellees.

TERRELL, C. J.—On November 12, 1934, pursuant to statutory authority, Appellees as the State Board of Medical Examiners entered an order revoking the license of appellant to practice in Florida. To review that judgment, writ of certiorari was granted by the Circuit Court. The writ was tested by a motion to quash and a motion to strike designated portions. The motion to quash was denied but the motion to strike was granted in part, the effect of which was to limit appellant to a trial *de nova* on the question of whether or not his license to practice medicine was properly revoked.

The cause was set for trial *de novo* but before the trial was started, appellant applied for and was given permission to file an amended petition for certiorari, which was on consideration, denied and the court announced that the trial *de novo* would proceed. Petitioner who is the appellant here, then sued out what he terms in the record an interlocutory and a final appeal. Both appeals rely on the order quashing the amended petition for certiorari dated July 23, 1935, for reversal, and the final appeal in addition relies on the order dated April 27, 1935, striking portions of the original petition for certiorari.

It is first contended that Chapter 8415, Acts of 1921, as amended by Chapter 12285, Acts of 1927, creating appellees as the State Board of Medical Examniers is unconstitutional and void because it is indefinite, unworkable, and so vague and conflicting in its terms that it cannot be enforced. It is also contended that it is bad because it does not provide a method for summoning and requiring the attendance of witnesses at the trial.

The Act carries no provisions not usually carried in Acts of its character and has been operating successfully for eighteen years. The assault directed against it is not sufficiently predicated. Such regulations and powers as are vested by it in administrative boards have frequently been upheld and we have repeatedly refused to strike them down. State *ex rel.* Williams v. Whitman, 116 Fla. 196, 156 So. 705; State *ex rel.* Sbordy v. Rowlett, 175 Fla. 562, 170 So. 311. This Act is likewise not bad because it does not in terms provide a means for summoning and enforcing the attendance of witnesses. State *ex rel.* McAnally v. Goodier, 195 Mo. 551, 93 S. W. 928.

In answer to the contention that the hearing before the State Board of Medical Examiners must be held in the County where the cause of action accrued, it is sufficient to say that State *ex rel.* Landis v. Simmons, 104 Fla. 487, 140 So. 187, settles this question contrary to the contention of appellant.

It appears from the record, two appeals having been taken, that appellant is attempting to have his case reviewed both by certiorari and by trial *de novo*. The statute, Section 3415, Compiled General Laws of 1927, seems to accord him this privilege. The court entered an order granting both means of review but later struck that part granting the writ of certiorari leaving him to his remedy by trial *de novo*. Cases might arise in which both remedies would be proper but if the circumstances are such that a fair investigation or trial may be had by pursuing either remedy, the Court will not be held in error for doing so. An amended petition for certiorari was afterwards filed and quashed and this is the order from which the instant appeal was prosecuted. No further order was entered or proceeding had on the trial *de novo*. Much is said in the brief of appellant about the motion to strike being the wrong method of attacking a

petition for writ of certiorari but it is not shown that appellant was prejudiced in this. In fact, we find no reversible error on this point and since no order was entered or proceeding had on the trial *de novo,* there is nothing here that we can properly review on this point. State *ex rel.* Tullidge v. Driskell, *et al.,* 117 Fla. 717, 158 So. 227.

Is not this proceeding to revoke appellant's license to practice medicine barred by the fact that he had been previously tried and acquitted on a charge of criminal abortion in the Criminal Court of Record of Dade County, said charge being the basis of this proceeding?

It is quite true that there is a division of authority in this country on the question so stated, but this Court has approved the rule that an acquittal in a criminal prosecution will not bar a proceeding to revoke one's license by the State Board of Medical Examiners based on the same offense as the criminal prosecution. State *ex rel.* Sbordy v. State Board of Medical Examiners, decided the 30th day of May, 1939. This appears the better reasoned rule and has been otherwise approved. State Board of Medical Examiners v. Noble, 65 Colo. 410, 177 Pac. 140; Blumberg v. State Board of Medical Examiners, 96 N. J. L. 331, 115 Atl. 439; Tapley v. Abbott, 111 Cal. App. 397, 295 Pac. 911. See also State *ex rel.* Davis, *et al.,* v. Rose, *et al.,* as Florida Real Estate Commission 97 Fla. 710, 122 So. 225.

It is finally contended that the Act drawn in question is bad because in the trial *de novo,* it does not accord the accused a jury trial.

There is no showing in the record that such a trial has been requested or denied. No final order or decree has been entered on the trial *de novo* so there is nothing here for us to review on this point. It is not out of place to state however, that this is not such a case as entitled appellant to a trial by jury. It is not a criminal prosecution and the

Circuit Court acts only as a reviewing court. A jury trial will not be accorded in such cases. State *ex rel.* Davis, *et al.,* v. Rose, *et al.,* as Florida Real Estate Commission, *supra.*

Other questions raised have been examined but under the conclusion reached, it becomes unnecessary to discuss them. The judgment below is found to be free from error and is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.