WIGGINTON, Judge.
Alachua County presents for our review two department orders, consolidated in this appeal, which summarily dismissed the county’s petitions for relief upon the department’s finding that it “lacks jurisdiction” to consider the petitions. Because of deficiencies in the record and in the orders, we remand.
The subject of this litigation is money collected by the county as “delinquent fees” during the motor vehicle inspection program that was abolished by the Florida legislature in 1981. These funds were apparently sent to the department as required by Section 325.24, Florida Statutes (1979). The county, invoking Section 120.57(1), petitioned the department for a refund. Essentially, the department responded that it did not have jurisdiction because it had already *1074 sent the money into the state’s general revenue fund and because there is no statutory authority for the department to make refunds. The orders have impliedly found that the county’s only remedy must lie in the Comptroller’s office pursuant to Chapter 215.
Without belaboring the point, we cannot determine that the department’s position has foundation in the record. The county has convincingly argued that disputed issues of material fact exist, necessitating a hearing. The inadequacy of the record has been demonstrated during this appeal; the department relies heavily on an “appendix” which accompanies its brief but which contains no material that was contained in the record on appeal. See Section 120.57(l)(b)5 and (2)(b); Fla.R.App.P. 9.220.
The protections embodied in the administrative law system are thwarted when, as here, an agency abandons its jurisdictional responsibilities with findings based upon insufficient facts and unexplained legal conclusions.
Accordingly, we remand so the department may have an opportunity to conduct a Section 120.57(1) proceeding, create a proper record, and enter a proper order. We recognize that the county has also sought its refund through the office of the Comptroller and a hearing on the matter is now scheduled in the Department of Administrative Hearings. For the sake of quasi-judicial economy, we suggest that the parties consolidate their dispute so the county may finally have a forum for an airing of the facts and law pertaining to this case.
The order of the Department of Highway Safety and Motor Vehicles is vacated and remanded.
SHIVERS and SHAW, JJ., concur.