MILLS, Judge.
The Department of Professional Regulation appeals from the nonfinal order of a hearing officer granting appellee Stem's motion for a second stay of the hearing on its administrative complaint against him. We have jurisdiction pursuant to Section 120.68(1), Florida Statutes (1985), and reverse.
Stern’s license to practice medicine in Connecticut was revoked on 17 April 1984 based on excessive and inappropriate prescription of controlled substances and on various allegations of sexual misconduct with patients. Section 458.331(l)(b), Florida Statutes (1983) provides that disciplinary action may be taken against a physician whose “license to practice medicine [is] revoked, suspended or otherwise acted against ... by the licensing authority of any state, territory, or country.” Based on this provision, the Department brought the instant administrative complaint against Stern’s Florida license in June 1984.
Stern thereafter requested and was granted a hearing on the complaint pursuant to Section 120.57, Florida Statutes (1983), which hearing was set for October 1984. On 4 October 1984, Stern moved the hearing officer for a stay of the requested hearing, alleging that his appeal of the Connecticut revocation was pending in that state. The stay was granted and the Department did not appeal.
In August 1987, the Connecticut Superior Court overruled Stern’s appeal and the Department requested that the 1984 stay be lifted and the case set for hearing. The hearing was thereafter scheduled for 27 October 1987. Stern then moved for another stay, alleging that, pursuant to Connecticut law, he still had two levels of appeal as of right from the license revocation. A stay was requested and granted pending the exhaustion of all of his Connecticut appellate rights.
In reviewing a hearing officer's action in granting the continuance of a hearing, this court must ask whether that officer abused his discretion in doing so. Winslow v. Department of Professional and Occupational Regulation, 348 So.2d 352, 353 (Fla. 1st DCA 1977) cert. den. 365 So.2d 716 (Fla.1978). In this case, the issue is the proper interpretation of the pertinent language of Section 458.331(1)(b), under which the complaint against Stem was brought, namely, whether “having a license to practice revoked in another state” refers to the initial act of revocation or to the final order *79 of revocation resulting from the completion of that state’s appellate process.
The hearing officer in this case postponed the hearing on the Florida complaint for three years without ever considering this issue and now proposes to delay the hearing for a further indeterminate period of time without doing so. The issue is crucial in that, if the charging statute requires only the simple act of revocation by another state, it is undisputed that Connecticut revoked Stem’s license and there is therefore no reason to further delay the Florida proceeding. Alternatively, if the statute is interpreted to mean that no “revocation” occurs until the particular state’s appellate process is exhausted, then the Department has no grounds at this time for any complaint against Stem.
We therefore find that the hearing officer in this case abused his discretion in granting a further stay of the hearing requested by Stem without considering the foregoing issue of statutory interpretation and reverse and remand for further proceedings consistent with this opinion.
WENTWORTH and BARFIELD, JJ., concur.