PER CURIAM.
Dr. Mann appeals an order by the Board of Dentistry (board) denying his motion for modification of a suspension from the practice of dentistry. On September 26, 1986, the board suspended appellant from the practice of dentistry for a period of 10 years. No appeal from that order of discipline was taken. In June 1990, appellant filed a motion for modification with the Board of Dentistry.[1] The board denied the motion. In explaining the basis for its conclusion, the board’s final order provides:
Respondent’s Motion for Modification does not seek to correct a clerical error or an inadvertent mistake. Rather, the motion is Respondent’s third attempt in approximately four years since the final order was filed to change the final terms within the Final Order. The Board has no jurisdiction to modify its Final Order at this time. Peoples Gas Systems, Inc. v. Mason, 187 So.2d 335 (Fla.1966); Austin Tyler (sic) Trucking, Inc. v. Hawkins, 377 So.2d 679 (Fla.1979) [;] Taylor v. Department of Professional Regulation, Board of Medical Examiners, 520 So.2d 557 (Fla.1988); Systems Management Associates, Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980); and AGO 88-40.
We find that the final order is ambiguous and remand to the board for further proceedings. See Alachua County v. Department of Highway Safety, 417 So.2d 1073 (Fla. 1st DCA 1982).
The final order in this case may be read and interpreted in two distinct ways. The first interpretation would be that the board is totally devoid of jurisdiction to modify previously rendered disciplinary orders.[2] The second interpretation would recognize that the board has jurisdiction to consider petitions for modification of disciplinary action, but that the petition in the instant case fails to allege facts which would establish grounds for modification under the authority cited in the order.[3] In either case, we find that the order of the board is deficient.
In Peoples Gas System v. Mason, 187 So.2d 335, 339 (Fla.1966), the supreme court recognized the necessity for finality in administrative actions and ruled that the Public Service Commission did not have authority to modify a previous order where there was no change in circumstance or a demonstrated public need or interest. The court, however, recognized that Florida was not one of the jurisdictions which had held that absent statutory authority, administrative agencies have no power to reopen or reconsider a final order:
Florida, however, is among those jurisdictions holding that such agencies do have inherent power to reconsider final orders which are still under their control. However, the decisions of this court clearly say this inherent authority to modify is a limited one.
Id. at 338 (citations omitted).
In Austin Tupler Trucking, Inc. v. Hawkins, 377 So.2d 679 (Fla.1979), the supreme *1061 court again addressed the importance of administrative finality and refused to allow the Public Service Commission to reconsider an issue which it had previously decided. The court again recognized the limited authority of administrative agencies to revisit their past orders.
In Wood v. Department of Professional Regulation, Board of Dentistry, 490 So.2d 1079 (Fla. 1st DCA 1986), this court recognized the importance of “administrative res judicata” and “law of the case,” but was unwilling to say that the board was forever precluded from reconsidering the matter of reinstatement or relicensure of a dentist whose license has been revoked. See also Schiffman v. Department of Professional Regulation, Board of Pharmacy, 581 So.2d 1375 (Fla. 1st DCA 1991).
In the instant case, although we are dealing with suspension for a specified period of time (not revocation), we are also unwilling to say that the board is precluded in all cases from ever revisiting such an order.[4] See Richter v. Florida Power Corp., 366 So.2d 798 (Fla. 2nd DCA 1979) (substantial change in circumstances may provide the basis for the right of an agency to alter a final decision).
Alternatively, if the board’s order constituted a summary denial of appellant’s petition because it contained insufficient facts to justify modification, the order does not apprise the petitioner or this court sufficiently as to the reason the petition was defective. Alachua County v. Department of Highway Safety, 417 So.2d 1073 (Fla. 1st DCA 1982).
Therefore, the order of the board is vacated and the case is remanded for proceedings consistent with this opinion.
WIGGINTON, ALLEN and WOLF, JJ., concur.

.The board had denied two prior motions to modify made by the appellant. The record before the court contains the prior orders issued by the board as to these modification requests. It appears that on at least one occasion the board considered the merits of the motion.

. A reading of the transcript and the appellee's brief, and a review of the oral argument would reflect that this was the position of the board.

. For example, the petition contains no allegations of a change of circumstances.

. Such a ruling would be inappropriate, especially in cases such as this which involve conditions of suspension, thereby implying continuing oversight and jurisdiction by the board.