638 So.2d 542 (1994)
Donald Lee RIFE, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 93-02324.
District Court of Appeal of Florida, Second District.
May 13, 1994.
Rehearing Denied June 23, 1994.
Paul B. Johnson of Johnson & Johnson, Tampa, for appellant.
Kathryn L. Kasprzak, Asst. Gen. Counsel, Dept. of Business and Professional Regulation, Tallahassee, for appellee.
ALTENBERND, Judge.
Dr. Donald Lee Rife appeals a final order of the Florida Board of Medicine (the Board) that revoked his license to practice medicine in Florida. The Board revoked his license because Vermont had recently revoked his license to practice medicine in that state. Although Vermont employed a lesser burden of proof to revoke Dr. Rife's license than would have been used in a Florida proceeding, we conclude that the Board was authorized to revoke his license under these circumstances.
Dr. Rife is approximately sixty years old. He graduated from medical school in 1961. From 1970 to 1983, he practiced child psychiatry in Burlington, Vermont. He obtained a medical license in Florida in 1983, and actively practiced in this state until his license was revoked.
On August 6, 1992, the State of Vermont revoked Dr. Rife's license to practice medicine. It did so after determining that he had engaged in several acts of sexual misconduct with teenage patients. The order prepared by the Vermont Board of Medical Practice contains detailed findings of fact, describing incidents of misconduct with four patients between 1970 and 1978. The Vermont Board based its decision primarily on the testimony of the patients, who were in their early thirties at the time of the hearing.
In Vermont, Dr. Rife maintained that the allegations must be proven by clear and convincing evidence. That burden of proof is applicable in Florida. Ferris v. Turlington, 510 So.2d 292 (Fla. 1987); § 458.331(3), Fla. Stat. (1991). The Vermont Board rejected his request for the higher burden of proof, relying on an opinion from the Vermont Supreme Court. See In re Muzzy, 141 Vt. 463, 449 A.2d 970 (1982). Dr. Rife has appealed this issue in Vermont in two separate proceedings. The order revoking his license in that state is still on appeal.
*543 Section 458.331 permits the Board to revoke a physician's license upon clear and convincing evidence that the physician's license has been revoked "by the licensing authority of any jurisdiction." § 458.331(1)(b), Fla. Stat. (1991). Dr. Rife admits that there is clear and convincing evidence that his license has been revoked in Vermont. He argues that Florida should not revoke his license until all proceedings have been concluded in Vermont. He also maintains that Florida is not permitted to rely on an out-of-state revocation that is based upon a lesser standard of proof.
The hearing officer properly determined that the Vermont order was sufficiently final to permit a revocation in Florida. See Department of Prof. Reg. v. Stern, 522 So.2d 77 (Fla. 1st DCA 1988). As a practical matter, Dr. Rife agrees that the Vermont order may be sufficient to permit a suspension, as opposed to a revocation, of his Florida license. The order entered by the Board expressly retained jurisdiction to reinstate Dr. Rife's license in the event that he prevails in his Vermont appeals. Under these circumstances, we conclude that the Board was authorized to revoke Dr. Rife's license, even though there are appellate proceedings pending in Vermont.
The more difficult issue concerns the Board's authority to revoke a license based on an out-of-state order entered on the preponderance of the evidence. As discussed in Ferris, Florida has long required clear and convincing evidence to support a revocation of some professional licenses. This higher burden has been justified by the value of licenses and the gravity and magnitude of the penal statutes that permit their revocation. Although this reasoning clearly raises issues of due process, the supreme court has not squarely held that section 458.331 would be unconstitutional if it relied on a lesser burden.
The parties have not informed this court about the burdens of proof employed by other states in such revocation proceedings. Our own limited research indicates that several states employ a preponderance standard in similar cases. See Petition of Grimm, 138 N.H. 42, 635 A.2d 456 (1993); Gandhi v. State Medical Examining Bd., 168 Wis.2d 299, 483 N.W.2d 295 (Wis. Ct. App.), review denied, 490 N.W.2d 23 (Wis. 1992); Boswell v. Iowa Bd. of Veterinary Medicine, 477 N.W.2d 366 (Iowa 1991); Matter of Insurance Agents' Licenses of Kane, 473 N.W.2d 869 (Minn. Ct. App. 1991); Commonwealth, Dep't of Health v. Brownsville Golden Age Nursing Home, Inc., 103 Pa. Commw. 449, 520 A.2d 926 (Pa. Commw. Ct. 1985), appeal denied, 515 Pa. 610, 529 A.2d 1083 (1987). Other states use a clear and convincing standard. See Mississippi State Bd. of Nursing v. Wilson, 624 So.2d 485 (Miss. 1993); Davis v. Wright, 243 Neb. 931, 503 N.W.2d 814 (1993); Silva v. Superior Court (Heerhartz), 14 Cal. App. 4th 562, 17 Cal. Rptr.2d 577 (Cal. Ct.App. 1993); Devous v. Wyoming State Bd. of Medical Examiners, 845 P.2d 408 (Wyo. 1993); Matter of Zar, 434 N.W.2d 598 (S.D. 1989). Although there is a growing trend toward use of the more rigorous standard, it is apparent that such standard is not essential to satisfy due process under the United States Constitution.
Florida did not compel Dr. Rife to maintain his license in Vermont while practicing in Florida. He chose to practice in a state that used a lesser burden in its disciplinary proceedings. There is no suggestion in this case that Vermont did not give him adequate notice of the charges against him or that he was limited in his ability to attend the hearings, cross-examine witnesses, and present evidence on his own behalf. Although a lesser standard was used, Vermont did have a substantial burden of proof. The final order prepared in Vermont is thorough, and Dr. Rife has appellate rights there. This case does not involve constitutional issues of full faith and credit because the Vermont order is only effective in that state. Nevertheless, we see little basis for Florida to second guess Vermont concerning the procedural adequacy of its administrative hearings when it is apparent that the Vermont hearing fulfilled the basic requirements of due process.
We recognize that section 458.331 is penal in nature and should be strictly construed in favor of the physician. Breesmen v. Department of Prof. Reg., 567 So.2d 469 (Fla. 1st DCA 1990). Section 458.331(1)(b) permits *544 disciplinary action based on any action against a medical license in another state. Given the breadth of that statute, we cannot conclude that it should be limited only to proceedings in other states that use a burden of proof as stringent as that employed in Florida.
Affirmed.
PATTERSON, A.C.J., and QUINCE, J., concur.