SMITH, Senior Judge,
dissenting.
The majority correctly states that the Board determined it was without jurisdiction to revisit appellant’s case pursuant to appellant’s motion to set aside, or to rehear his case based on newly-discovered evidence. Although the Board allowed appellant’s counsel to proffer for the record the testimony of two expert witnesses, Drs. Eugene Patterson and Stanley Malamed, the Board gave no consideration to the proffered evidence in weighing the decision whether to re-open appellant’s case. It appears that the Board considered only the arguments of counsel, and, as noted by the majority, found them “unpersuasive.” In fact, the Board unceremoniously walked out of the hearing room during the proffered testimony of the two doctors.
The majority’s decision to deny relief in this case is grounded upon its conclusion that appellant “has failed to demonstrate in his motion to set aside the ‘extraordinary circumstances’ which are a prerequisite for revisiting a closed case.” My view is that: (1) the presence or absence of “extraordinary circumstances” is a determination to be made initially by the Board after due consideration under established principles of law and procedure; and, (2) the facts alleged, as amplified by the proffered testimony, demonstrate at least preliminarily a basis for relief.
*121 I am of the view that the Board, acting under a misapprehension of the law, was under the impression that it was “totally devoid of jurisdiction” to modify previously existing disciplinary orders. Cf., Mann v. Department of Professional Regulation, Board of Dentistry, 585 So.2d 1059, 1060 (Fla. 1st DCA 1991). However, not even the Board’s counsel now contends that the Board is “totally devoid of jurisdiction” to modify such orders. The Board having proceeded in error, it is my view that it is not the province of this court to finally adjudicate the case against appellant on the merits.
If for no other reason, appellant is entitled to have his case reopened for reconsideration of the sanction imposed by the Board. It should be recalled that the hearing officer recommended appellant’s suspension for 5 years, while the Board rejected the recommended penalty and revoked appellant’s license. It defies common sense to assume that the unfortunate death of the patient was not a critical factor in the Board’s decision to increase the recommended penalty from suspension to revocation. Yet the newly-discovered evidence, rejected out-of-hand by the Board, raised serious questions concerning the defective anesthetic as the cause of death, rather than appellant’s lack of care or skill.
In conclusion, I would reverse the order appealed and remand to the Board for a hearing, with directions to reconsider its sanctions against appellant.