WOHN, R., Associate Judge.
 

 James S. Pendergraft, IV., M.D., a licensed physician in the State of Florida, appeals a final order of the Board of Medicine (“the Board”) suspending his license to practice medicine and imposing other penalties. Although he raises numerous points on appeal, only one warrants discussion. Finding no merit in Dr. Pender-graft’s challenge to the Board’s actions, we affirm.
 

 Chapters 456 and 458, Florida Statutes, pertain to the practice of medicine. Chapter 456 gives the Department of Health (“the Department”) the power to regulate medical professionals. Similarly, Chapter 458 is intended to ensure that every physician practicing in this State meets minimum requirements for safe practice and that any physician who falls below minimum competency or who otherwise presents a danger to the public is prohibited from practicing medicine in this State. § 458.801, Fla. Stat. (2005). The Department instituted this action against Dr. Pendergraft, who is board certified in obstetrics and gynecology, alleging that he violated sections 456.072(l)(k) and 458.331(l)(g), Florida Statutes (2005), which provide that disciplinary action may be taken if a licensee fails to “perform any statutory or legal obligation” placed upon him. Specifically, the Department alleged that Dr. Pendergraft violated sections 456.072(l)(k) and 458.331(l)(g) when he performed a third trimester abortion in his clinic, which is not a hospital. An Administrative Law Judge (“ALJ”) agreed, and found that the Department presented clear and convincing evidence that Dr. Pender-graft violated sections 456.072(l)(k) and 458.331(l)(g).
 

 In her recommended order, the ALJ determined that Dr. Pendergraft’s performance of the third trimester abortion in his clinic was contrary to sections 456.072(l)(k) and 458.331(l)(g) in several respects. First, she found that Dr. Pen-dergraft’s conduct violated section 797.03(3), Florida Statutes (2005), which prohibits the performance of such a procedure in a location other than a hospital.
 
 [1]
 
 Second, the ALJ found that the same conduct violated section 390.0111(l)(a), Florida Statutes (2005), which prohibits third trimester abortions unless “two physicians certify in writing to the fact that, to a reasonable degree of medical probability, the termination of the pregnancy is necessary to save the life or preserve the health of the pregnant woman.” Third, the ALJ found that Dr. Pendergraft failed to comply with section 390.0111(l)(b), Florida Statutes (2005), because he did not certify in writing “to the medical necessity for legitimate emergency medical procedures
 
 *394
 
 for termination of pregnancy in the third trimester, and another physician is not available for consultation.”
 
 [2]
 
 Finally, the ALJ found that there was clear and convincing evidence that Dr. Pendergraft committed medical malpractice pursuant to section 458.331(l)(t)l., Florida Statutes (2005), by failing to meet the standard of care for performing third trimester abortions as set forth in sections 390.0111 and 797.03. Based on these findings, the ALJ recommended suspension of Dr. Pender-graft’s medical license and imposition of other penalties. The Board approved and accepted the recommended order, including the recommended penalties.
 

 On appeal, Dr. Pendergraft argues that the violation of sections 456.072(l)(k) and 458.331(l)(g) cannot serve as the basis for any disciplinary action by the Board because he has not been convicted of violating sections 390.0111 and 797.03. We disagree.
 

 The Board disciplined Dr. Pender-graft for “failing to perform any statutory or legal obligation” placed upon him as a licensed physician pursuant to sections 456.072(l)(k) and 458.331(l)(g). Although the statutes Dr. Pendergraft is charged with violating may provide penal sanctions, there is no explicit statutory requirement that a licensee be adjudicated guilty of the acts specified in the penal statutes before disciplinary action may be instituted. In fact, both sections 456.072(l)(c) and 458.331(l)(c), Florida Statutes (2005), allow disciplinary action, regardless of adjudication, for crimes the licensee may have committed in any jurisdiction relating to the practice of, or the ability to practice, medicine. Further, even an acquittal in a criminal prosecution will not bar a license revocation proceeding based upon the same offense as the criminal prosecution.
 
 State ex rel. De Gaetani v. Driskell,
 
 139 Fla. 49, 190 So. 461, 463 (1939) (holding revocation of appellant’s medical license not barred by previous acquittal on charge of criminal abortion, even though criminal charge was basis of license revocation proceeding);
 
 see State ex rel. Sbordy v. Rowlett,
 
 138 Fla. 330, 190 So. 59, 61-62 (1939) (recognizing that acquittal in criminal court on identical charges as those forming basis for medical board’s complaint does not bar inquiry into physician’s actions for purposes of depriving him of right to practice medicine).
 

 It is the stated intent or purpose of both Chapters 456 and 458 to protect the public, not to provide penal or criminal sanctions, and not to require proof of criminal intent. The revocation of a license is intended to protect public welfare.
 
 Locklear v. Fla. Fish & Wildlife Conservation Comm’n,
 
 886 So.2d 326 (Fla. 5th DCA 2004). To require proof, beyond a reasonable doubt, that the medical care provider intended to violate a statute prohibiting certain activities would place a requirement on licensing boards and administrative agencies that would curtail their ability to fulfill their public protection function. Furthermore, neither section 456.072(l)(k) nor section 458.331(l)(g) requires that a licensee be convicted of a penal statute before he can be disciplined by an administrative agency and it does not appear that such a construction would further the intent of the disciplinary statutes.
 

 We have carefully considered Dr. Pen-dergraft’s remaining arguments, and find
 
 *395
 
 ing no reversible error, affirm the final order of the Board.
 

 AFFIRMED.
 

 LAWSON, J., and PLEUS, JR, R, Senior Judge, concur.
 

 [1]
 

 . Criminal sanctions are available for violation of this subsection as any person who violates this provision is guilty of a second degree misdemeanor. § 797.03(4), Fla. Stat. (2005).
 

 [2]
 

 . A violation of sections 390.01 ll(l)(a) and (l)(b) is punishable as a third degree felony. § 390.01 ll(10)(a), Fla. Stat. (2005).