IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM KALE, PH.D.,

     Appellant,

v.

DEPARTMENT OF HEALTH,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4273

Opinion filed June 4, 2015.

An appeal from an order of the Department of Health.

Katherine E. Giddings, Julie Gallagher, and Michael J. Larson of Akerman LLP, Tallahassee, for Appellant.

Therese A. Savona, Chief Appellate Counsel, Tallahassee, for Appellee.

LEWIS, C.J.

William Kale, Ph.D., appeals the final order of the Board of Psychology ("Board") revoking his license to practice psychology and imposing a fine and costs. Finding that the Board did not err in interpreting its authority or imposing the penalty, we affirm.

The Department of Health ("Department") filed an Administrative Complaint against Dr. Kale, alleging that in June 2013, he was convicted in the United States District Court for the Middle District of Florida of two counts of health care fraud in violation of 18 U.S.C. § 1347, and thereby violated section 490.009(1)(w), Florida Statutes (2013), through a violation of section 456.072(1)(ii), Florida Statutes (2013). The Board held an informal hearing, during which Dr. Kale was represented by counsel, did not dispute the allegations, and presented evidence in mitigation. Given that his criminal conviction was on appeal in the United States Court of Appeals for the Eleventh Circuit, Dr. Kale asked the Board to impose an "indefinite suspension" pending the resolution of his criminal appeal, at which time he would reappear before the Board and the Board would have the full range of penalties available to it "to make a more final decision." The Assistant Attorney General advised the Board that it could suspend Dr. Kale's license and retain jurisdiction to revisit the case at a future time, at which point it could remove the suspension or impose other conditions, but it could not revoke his license based on his conviction not being overturned. The Assistant Attorney General further represented that if the Board were to revoke Dr. Kale's license and his underlying conviction is overturned, he could appeal to the Board to vacate the final order of revocation based on the change in circumstance. The prosecuting attorney recommended that the Board revoke Dr. Kale's license and impose a $10,000 fine on the basis that that was the

2

only disciplinary guidelines penalty with regard to one of the statutory violations, and noted that a departure from the guidelines would require specific findings of mitigation or aggravation.

The Board entered a Final Order, wherein it adopted the allegations of fact and conclusions of law set forth in the Administrative Complaint; found that it was authorized by section 490.009(2) and/or section 456.072(2) to impose a penalty; and, accordingly, revoked Dr. Kale's license and imposed a $10,000 fine and $906.84 in costs, but stayed the payment of the fine and costs for six months from the issuance of a mandate in the pending criminal appeal. The Board further ordered, "If all of the criminal charges that serve as the basis of the Administrative Complaint are dismissed, [Dr. Kale] may petition the Board to vacate this Final Order." This appeal followed.

Dr. Kale argues on appeal that the Board's final order must be vacated because the Board erroneously concluded, pursuant to its counsel's incorrect advice, that it could not conditionally suspend a license and retain jurisdiction to revisit that penalty under the circumstances of this case. Given that the Board was informed that it could retain jurisdiction over a suspended license but could not revoke that suspended license if Dr. Kale's conviction is affirmed, the issue we address is whether the Board erroneously concluded that it could not indefinitely suspend Dr. Kale's license and retain jurisdiction to revoke it if his conviction is not overturned.

3

An agency's decision on an issue of law is reviewed *de novo*. Brown v. State, Comm'n on Ethics, 969 So. 2d 553, 556 (Fla. 1st DCA 2007); see also § 120.68(7), Fla. Stat. (2013) (providing that a court shall remand a case or set aside an agency action when it finds that "[t]he agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action"). An agency's interpretation of a statute that it is charged with administering is entitled to greater deference and will not be reversed unless it is clearly erroneous. Brown, 969 So. 2d at 557; see also Kessler v. Dep't of Mgmt. Servs., Div. of State Grp. Ins., 17 So. 3d 759, 762 (Fla. 1st DCA 2009). However, a court need not defer to an agency's interpretation if special agency expertise is not required or if the agency's interpretation conflicts with the plain meaning of the statute. Fla. Hosp. v. Agency for Health Care Admin., 823 So. 2d 844, 848 (Fla. 1st DCA 2002); see also Kessler, 17 So. 3d at 768. Statutes authorizing sanctions against a person's professional license "'are deemed penal in nature and must be strictly construed, with any ambiguity interpreted in favor of the licensee.'" Beckett v. Dep't of Fin. Servs., 982 So. 2d 94, 100 (Fla. 1st DCA 2008) (internal citation omitted).

A board's imposition of a penalty, on the other hand, is reviewed for an abuse of discretion. Mendez v. Fla. Dep't of Health, 943 So. 2d 909, 910 (Fla. 1st DCA 2006); see also § 120.68(7), Fla. Stat. "When the Board imposes a penalty within the permissible statutory range, an appellate court has no authority to review the

4

penalty." Mendez, 943 So. 2d at 911; see also Wax v. Horne, 844 So. 2d 797, 799 (Fla. 4th DCA 2003) ("The Florida Supreme Court has stated that 'so long as the penalty imposed [by an administrative agency] is within the permissible range of statutory law, the appellate court has no authority to review the penalty unless agency findings are in part reversed.'") (Internal citation omitted); Gonzalez-Gomez v. Dep't of Health, 107 So. 3d 1139, 1141 (Fla. 3d DCA 2012) ("[R]eviewing courts cannot substitute their judgment for that of medical boards, which have great expertise and broad statutory discretion.").

Chapter 490, Florida Statutes, the Psychological Services Act, is intended to "preserve the health, safety, and welfare of the public." §§ 490.001, 490.002, Fla. Stat. (2013). The Board of Psychology shall adopt rules to implement the provisions of the chapter, and "[a]ll applicable provisions of chapter 456 relating to activities of regulatory boards shall apply to the board." § 490.004(4)-(5), Fla. Stat. (2013). Section 490.009, Florida Statutes (2013), titled "Discipline," provides:

> (1) The following acts constitute grounds for denial of a license or disciplinary action, as specified in s. 456.072(2):
> . . .
> (w) Violating any provision of this chapter or chapter 456, or any rules adopted pursuant thereto.
>
> (2) The department, or in the case of psychologists, the board, may enter an order denying licensure or imposing any of the penalties in s. 456.072(2) against any applicant for licensure or licensee who is found guilty of violating any provision of subsection (1) of this section or who is found guilty of violating any provision of s. 456.072(1).

5

Section 456.072, Florida Statutes (2013), is titled "Grounds for discipline; penalties;

enforcement" and states in part:

> (1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
>
> . . .
>
> (ii) Being convicted of, or entering a plea of guilty or nolo contendere to, any misdemeanor or felony, regardless of adjudication, under 18 U.S.C. s. 669, ss. 285-287, s. 371, s. 1001, s. 1035, s. 1341, s. 1343, s. 1347, s. 1349, or s. 1518, or 42 U.S.C. ss. 1320a-7b, relating to the Medicaid program.
>
> . . .
>
> (2) When the board, or the department when there is no board, finds any person guilty of the grounds set forth in subsection (1) or of any grounds set forth in the applicable practice act, including conduct constituting a substantial violation of subsection (1) or a violation of the applicable practice act which occurred prior to obtaining a license, *it may enter an order imposing one or more of the following penalties*:
>
> (a) Refusal to certify, or to certify with restrictions, an application for a license.
>
> (b) *Suspension or permanent revocation of a license.*
>
> (c) Restriction of practice or license, including . . . or any other restriction found to be necessary for the protection of the public health, safety, and welfare.
>
> (d) Imposition of an administrative fine not to exceed $10,000 for each count or separate offense. If the violation is for fraud or making a false or fraudulent representation, the board, or the department if there is no board, must impose a fine of $10,000 per count or offense.
>
> (e) Issuance of a reprimand or letter of concern.
>
> (f) Placement of the licensee on probation for a period of time and subject to such conditions as the board, or the department when there is no board, may specify. . . .

6

(g) Corrective action.

. . .

In determining what action is appropriate, the board, or department when there is no board, must first consider what sanctions are necessary to protect the public or to compensate the patient. Only after those sanctions have been imposed may the disciplining authority consider and include in the order requirements designed to rehabilitate the practitioner. . . .

. . .

(8) The purpose of this section is to facilitate uniform discipline for those actions made punishable under this section and, to this end, a reference to this section constitutes a general reference under the doctrine of incorporation by reference.

(Emphasis added).  See also § 456.003(2), Fla. Stat. (2013) ("The Legislature further believes that such professions shall be regulated only for the preservation of the health, safety, and welfare of the public under the police powers of the state."); Pendergraft v. Dep't of Health, Bd. of Med., 19 So. 3d 392, 394 (Fla. 5th DCA 2009) (explaining that the stated purpose of Chapter 456 is to protect the public and that the revocation of a license is intended to protect the public welfare).

In turn, Florida Administrative Code Rule 64B19-17.002 contains the Board's disciplinary guidelines and provides:

(1) When the Board finds that an applicant or a licensee has committed any of the acts set forth in Section 456.072(1) or 490.009(2), F.S., it shall issue a final order imposing one or more of the penalties listed in Section 456.072(2), F.S., as recommended in the following disciplinary guidelines. . . . The guidelines are presented as a range of penalties that may be imposed from minimum to maximum.

For a violation of section 490.009(1)(w), the penalty range for a first offense is from reprimand and a $1,000 fine to revocation and a fine up to $10,000.  Fla. Admin.

7

Code R. 64B19-17.002(1)(q). For a violation of section 456.072(1)(ii), the penalty range is "[r]evocation and a fine of $10,000, or in the case of application for licensure, denial of license." Fla. Admin. Code R. 64B19-17.002(1)(gg). The Board may deviate from the recommended penalties upon consideration of aggravating and mitigating factors. Fla. Admin. Code R. 64B19-17.002(2).

In Mann v. Department of Professional Regulation, Board of Dentistry, the appellant appealed an order of the Board of Dentistry denying his motion to modify a ten-year suspension from the practice of dentistry. 585 So. 2d 1059, 1060 (Fla. 1st DCA 1991). This Court found the order to be deficient and ambiguous, with one interpretation being that the board concluded it lacked jurisdiction to modify a previously rendered order. Id. After citing case law recognizing both the necessity for finality in administrative actions and the administrative agencies' limited inherent authority to modify their final orders in light of a change in circumstance or a demonstrated public need, we concluded:

> [A]lthough we are dealing with suspension for a specified period of time (not revocation), we are also unwilling to say that the board is precluded in all cases from ever revisiting such an order. *See Richter v. Florida Power Corp.,* 366 So.2d 798 (Fla. 2nd DCA 1979) (substantial change in circumstances may provide the basis for the right of an agency to alter a final decision).

Id. at 1060-61. We noted that precluding the board from ever revisiting an order of suspension "would be inappropriate, especially in cases such as this which involve conditions of suspension, thereby implying continuing oversight and jurisdiction by

8

the board." Id. at 1061 n.4; see also Russell v. Dep't of Bus. & Prof'l Regulation, 645 So. 2d 117, 118-19 (Fla. 1st DCA 1994) ("It is true that there are some cases in which an agency may exercise its inherent authority to reopen a closed case when there is a change in circumstances or a demonstrated public need or interest. This, however, is clearly not such a case. Therefore, the Board correctly determined that it lacked jurisdiction to revisit this decision, in the absence of a material change in circumstances or demonstrated public need. . . . Appellant has failed to demonstrate in his motion to set aside the 'extraordinary circumstances' which are a prerequisite for revisiting a closed case.") (Internal citation omitted).

In Rife v. Department of Professional Regulation, the appellant appealed the Board of Medicine's final order revoking his license to practice medicine in Florida based on Vermont having revoked his license to practice in that state. 638 So. 2d 542, 542 (Fla. 2d DCA 1994). Although section 458.331, Florida Statutes, allowed the board to revoke the appellant's license upon evidence that his license had been revoked by the licensing authority of any jurisdiction, the appellant argued that Florida should not have revoked his license until all the appellate proceedings concluded in Vermont. Id. at 542-43. In affirming the board's order, the Second District concluded in part:

> The hearing officer properly determined that the Vermont order was sufficiently final to permit a revocation in Florida. . . . The order entered by the Board expressly retained jurisdiction to reinstate Dr. Rife's license in the event that he prevails in his Vermont appeals. Under these

9

circumstances, we conclude that the Board was authorized to revoke Dr. Rife's license, even though there are appellate proceedings pending in Vermont.

Id.

Here, Dr. Kale contends that the Board had authority to suspend his license pending his criminal appeal and to retain jurisdiction to revoke his license if his conviction is not overturned. In support of his position, Dr. Kale primarily relies on section 456.072(2) and Mann. Section 456.072(2) permits a board to impose "one or more of the" enumerated penalties, which are listed by lower case letters and include "(b) Suspension or permanent revocation of a license" as one option. By its plain language, the statute lists suspension and revocation as alternate penalties to each other, and nothing in this statute—or in the Board's disciplinary guidelines rule—suggests that the Board may suspend a license with the condition that it may later revisit that penalty and impose a revocation instead. As for Mann, that opinion supports the Board's interpretation for it recognizes the need for finality in administrative actions and the possibility of revisiting a final order upon a substantial change in circumstance. If Dr. Kale's conviction is affirmed, there will be no change in circumstances. Dr. Kale cited no cases, and we are not aware of any, where a board suspended a professional license and retained jurisdiction to revoke it. Instead, Dr. Kale cited administrative final orders where a board imposed a suspension until the licensee could make a demonstration and retained jurisdiction

10

to impose terms and conditions upon the reinstatement of the license.

We further note that the Board imposed a penalty that was within the statutorily authorized penalties and was the only recommended disciplinary guidelines penalty for one of the violations, absent mitigation. Though Dr. Kale presented evidence in mitigation, the Board made no findings in that regard. The Board knew that it could suspend Dr. Kale's license; nevertheless, in the exercise of its discretion, the Board concluded that revocation was the proper penalty, at least as long as Dr. Kale's criminal conviction stands. If Dr. Kale's conviction is overturned, he may petition the Board to vacate its final order.

Therefore, we find that the Board did not err in revoking Dr. Kale's license upon concluding that it could not indefinitely suspend the license and retain jurisdiction to revoke it if his underlying conviction is not overturned. Accordingly, we AFFIRM the Board's Final Order.

ROWE and RAY, JJ., CONCUR.