FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-2179

_____

DONNA LEAH T. BREWER, LPN,

Appellant,

v.

FLORIDA DEPARTMENT OF
HEALTH, BOARD OF NURSING,

Appellee.

_____

On appeal from a Florida Department of Health, Board of Nursing, Final Order.

March 28, 2019

JAY, J.

Donna Brewer appeals the Final Order entered by the Florida Department of Health, State Board of Nursing, permanently revoking her license as a licensed practical nurse. We reverse.

I

In a two-count administrative complaint, the Department of Health alleged that Brewer had violated section 464.018(1)(e), Florida Statutes (2015) ("Title XXXII Regulation of Professions and Occupations": "Nursing" – "Disciplinary actions"), by having (1) entered a plea of nolo contendere to a charge of burglary of an unoccupied dwelling, an offense listed in section 435.04(2)(z), Florida Statutes ("Level 2 screening standards"), and (2) by failing

to report the fact of her plea to the Board of Nursing in violation of section 456.072(1)(x), Florida Statutes ("Grounds for discipline; penalties; enforcement"). The accompanying Investigative Report includes Brewer's judgment and sentencing documents. They document that adjudication was withheld on the burglary offense and she was sentenced to ninety days in the county jail. No further elaboration on the circumstances of the burglary of the unoccupied dwelling are contained in the report or anywhere else in the record.

## II

The entry of a plea of nolo contendere to "any offense prohibited under s. 435.04" constitutes grounds for disciplinary action by the Board of Nursing under section 464.018(1)(e). Section 435.04(2)(z) lists burglary in section 810.02, Florida Statutes, as a qualifying offense. Section 464.018(2) authorizes the Board to "impose any of the penalties in s. 456.072(2) against any . . . licensee who is found guilty of violating any provision of subsection (1) of this section." In turn, section 456.072(2)(b), Florida Statutes (2015), empowers the Board to impose a penalty of "suspension or permanent revocation of a license."

Section 456.079(1), Florida Statutes, authorized the Board "to adopt by rule . . . the disciplinary guidelines applicable to each ground for disciplinary action which may be imposed" by the Board. In due course, the Board promulgated Florida Administrative Code Rule 64B9-8.006 (2012)—the version applicable to the date of Brewer's alleged violations—setting forth disciplinary guidelines to be followed by it when sanctioning a licensed nurse. Pointedly, rule 64B9-8.006(3)(c)1., provides that the entering of a plea of nolo contendere to burglary subjected Brewer to a minimum sanction of "reprimand" to a maximum sanction of a "$10,000 fine and suspension" for a first offense. Then again, rule 64B9-8.006(5)(a) entitles the Board "to deviate from the foregoing guidelines upon a showing of aggravating or mitigating circumstances *by clear and convincing evidenc*e, presented to the Board prior to the imposition of a final penalty at informal hearing." (Emphasis added.) Those circumstances include, but were not limited to, the following:

1. The danger to the public.

2. Previous disciplinary action against the licensee in this or any other jurisdiction.

3. The length of time the licensee has practiced.

4. The actual damage, physical or otherwise, caused by the violation.

5. *The deterrent effect of the penalty imposed.*

6. Any efforts at rehabilitation.

7. Attempts by the licensee to correct or stop violations, or refusal by the licensee to correct or stop violations.

8. Cost of treatment.

9. Financial hardship.

10. Cost of disciplinary proceedings.

(Emphasis added.)

Clear and convincing evidence is "'of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.'" *S. Fla. Water Mgmt. Dist. v. RLI Live Oak, LLC*, 139 So. 3d 869, 872 (Fla. 2014) (quoting *Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983)). The clear and convincing evidence standard precludes ambiguous evidence. *Westinghouse Elec. Corp. v. Shuler Bros.*, 590 So. 2d 986, 988 (Fla. 1st DCA 1991).

At an April 6, 2017, hearing—in just over two minutes—the Board addressed the administrative complaint against Brewer and voted on the penalty. The assistant attorney general serving as legal counsel for the Board read the charges in the complaint and advised the Board to find that they constituted a violation of its "Practices Act." A motion was made and seconded, and the vote in favor of counsel's advice was unanimous. Counsel then informed the Board that the Department of Health's recommended penalty

was "revocation" and suggested, "given the matter *of record*, [the Board] go above the disciplinary guidelines." (Emphasis added.) He observed that "burglary is a serious crime," but before he could finish his statement, a member of the Board said: "The egregious nature of the crime." Another member stated, "So moved." The motion was seconded and the vote to accept the reason was unanimously approved. Another member suggested, "How about deterrent?" The first board member responded, "Yes, it is also known as – also as a deterrent effect. So moved." The motion was again seconded and the vote in favor was also unanimous. The hearing ended.

### III

Section 120.68(7)(e), Florida Statutes, requires an agency's exercise of discretion to be consistent with its rules. "A board's imposition of a penalty . . . is reviewed for an abuse of discretion." *Kale v. Dep't of Health*, 175 So. 3d 815, 817 (Fla. 1st DCA 2015) (citing to *Mendez v. Fla. Dep't of Health*, 943 So. 2d 909, 910 (Fla. 1st DCA 2006)). The standard of review of the agency's findings of fact is that of "competent substantial evidence." § 120.68(7)(b), Fla. Stat.; *see also DeGroot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957).

In the present case, the evidence "of record" upon which the Board relied to find the offense "egregious" and the sanction of revocation a "deterrent" was not just ambiguous, it was nonexistent. The Board already had in place in its 2012 rule a range of sanctions for a plea of nolo contendere to burglary. There was nothing in the record before the Board or stated with particularity by the Board in its Final Order, elucidating the circumstances of Brewer's offense that would render it more egregious than the offense of burglary already contemplated by the rule. Nor did the Board explain how deviating upward to the revocation of Brewer's license would act to deter her from committing further burglaries any more than would imposing the maximum sanction of a "$10,000 fine and suspension" for a first offense as provided in the Board's rule. In short, there was no clear and convincing evidence before the Board to support its departure from the recommended range of sanctions.

Accordingly, there being no competent, substantial evidence in the record to support its decision, we must conclude that the Board abused its discretion in revoking Brewer's license.

IV

The Final Order is hereby set aside, and the cause is remanded to the Board of Nursing for further proceedings consistent with this opinion. *See* § 120.68(6)(a)1., Florida Statutes.

B.L. THOMAS, C.J., and BILBREY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Cynthia A. Mikos and Jamie A. Klapholz of Johnson Pope Bokor Ruppel & Burns, LLP, Tampa, for Appellant.

Katelyn R. Boswell, Assistant General Counsel, and Christine E. Lamia, Chief Appellate Counsel of Florida Department of Health, Tallahassee, for Appellee.