# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-633
Lower Tribunal Nos. 12-14499, ME0013780
_____

**George M. Safirstein,**
Appellant,

vs.

**Department of Health, Board of Medicine,**
Appellee.

An Appeal from the Department of Health, Board of Medicine.

Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP, and Roland Sanchez-Medina, Jr., for appellant.

Christine E. Lamia, Chief Appellate Counsel (Tallahassee), for appellee.

Before SALTER, LINDSEY, and HENDON, JJ.

HENDON, J.

Dr. George M. Safirstein ("Safirstein") appeals the decision of the Department of Health Board of Medicine[1] ("Board") to revoke his license to practice medicine in Florida. We affirm.

Safirstein was a licensed physician in Florida, practicing at Synergy Integrative Health and Med Spa / Optimal Health Age Management Centers in Hallandale Beach, Florida. Safirstein was administratively charged with medical malpractice in a twenty-one count complaint filed by the Board. The administrative complaint addressed Safirstein's treatment of seven patients over the course of two years, and recites twenty-one counts alleging that Safirstein failed to meet the prevailing standard of care in his treatment of these patients, failed to perform necessary physical examinations on these patients, inappropriately prescribed controlled substances to these patients, and failed to maintain complete and legible medical records justifying the course of treatment for these patients. Subsequent to a finding of probable cause, Safirstein returned an election of rights form in which he did not dispute the material allegations contained in the administrative complaint. He elected to move forward with an informal hearing which would allow him to present mitigating factors to the Board.

---

[1] The Board is the state agency charged with regulating the practice of medicine pursuant to section 20.43, Florida Statutes, Chapter 455, Florida Statutes, and Chapter 458, Florida Statutes.

The election was also signed by his attorney, Mr. Medina, who had been actively representing him in the underlying investigation.

The informal hearing was scheduled for Friday, February 2, 2018, and Safirstein does not dispute that he received notice of the hearing. On Monday, January 29, 2019, four days prior to the hearing, Safirstein's attorney emailed the Board enquiring about obtaining a continuance based on Safirstein's health, but provided no details. The following morning, the Board's Administrator responded, and asked that Safirstein file a formal request for continuance or a waiver of appearance, and suggested sending documentation from Safirstein's physician indicating why Safirstein could not travel from Hallandale Beach to Orlando for the hearing.

On Thursday afternoon, the day before the scheduled hearing, Mr. Medina made a formal request via email for a continuance of the hearing. He again stated that Safirstein was not feeling well and had been advised not to travel. Mr. Medina offered to submit a letter from Safirstein's physician, if requested. Later that evening, the Administrator responded to Mr. Medina that the Chair had denied the request for continuance because it was untimely filed.

The Board met at the scheduled time the following day. Safirstein was not present, and Mr. Medina did not attend the hearing on Safirstein's behalf. The Board members noted that Safirstein's request for continuance was untimely filed

3

and did not explain his ill health; and one member questioned why Safirstein's attorney did not attend on his behalf. Ultimately, the Board decided to move forward on the allegations because it was an informal hearing at which Safirstein's presence was not required, Safirstein had admitted to the factual allegations of the complaint (characterized as "egregious"), any facts in mitigation would not alter the outcome, and neither Safirstein nor his attorney had timely provided any medical reasons for his failure to attend. The Board unanimously found Safirstein in violation of the statutes cited in the complaint,[2] and revoked Safirstein's license to practice medicine in Florida.

On appeal, Safirstein argues that the Board abused its discretion by denying his request for a continuance of the hearing based on his assertion of ill health. He contends that had the hearing been reset, he could have presented mitigating factors at the reset hearing.

Our standard of review of an agency's interpretation of a statute is de novo. Amend. VI, Art. V, § 21, Fla. Const. (declaring that appellate courts may no longer

---

[2] Section 458.331(1)(t), Fla. Stat. (2012) (subjecting a licensee to discipline for committing medical malpractice as defined in section 456.50, Fla. Stat.); section 458.331(1)(q), Fla. Stat. (2012) (subjecting a licensee to discipline for prescribing, dispensing, administering, mixing, or otherwise preparing a legend drug, including any controlled substance, other than in the course of the physician's professional practice); Section 458.331(1)(m), Fla. Stat. (2012) (subjecting a licensee to discipline for failing to keep legible medical records, including, but not limited to, patient histories; examination results; test results; records of drugs prescribed, dispensed, or administered; and reports of consultations and hospitalizations, etc.).

defer to an agency's statutory interpretation, and must instead apply a de novo review). The standard of review of the agency's findings of fact is that of "competent, substantial evidence." § 120.68(7)(b), Fla. Stat. (2012); see also De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957).

This was a non-evidentiary, informal hearing. Safirstein's answer admitted to the facts alleged in the twenty-one count complaint; neither the record on appeal nor the initial brief explain or specify what the "other mitigating factors" might be that could have altered the outcome of the administrative hearing. Further, Rule 28-106.210, Florida Administrative Code, provides that a continuance may be granted for good cause shown, and such requests must be made at least five days prior to the date of the scheduled hearing, except in cases of emergency. Safirstein's attorney's formal request for a continuance was untimely made one day prior to the noticed hearing; and there was no indication from Mr. Medina that Safirstein's health problem was an emergency that would justify a continuance. Counsel is presumed to know the applicable procedural rules.

The record on appeal contains competent, substantial evidence upon which the Board properly relied to find the offenses "egregious" and the sanction of revocation appropriate. See § 120.68(7)(b), Fla. Stat. (2012). Further, we find no abuse of discretion in the Board's decision to deny Safirstein's motion for continuance, and to proceed with the hearing and render its decision. See Kale v.

5

<u>Dep't of Health</u>, 175 So. 3d 815, 817 (Fla. 1st DCA 2015) ("A board's imposition of a penalty . . . is reviewed for an abuse of discretion."); <u>Gonzalez-Gomez v. Dep't of Health</u>, 107 So. 3d 1139, 1141 (Fla. 3d DCA 2012); § 120.68(7)(e), Fla. Stat. (2012) (requiring an agency's exercise of discretion to be consistent with its rules).   We therefore affirm the Board's final order.

Affirmed.