FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2977
_____

CHUNMEI LIANG, L.M.T.,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
HEALTH,

    Appellee.

_____

On appeal from the Department of Health, Board of Massage
Therapy.
Allen Hall, Executive Director.

January 23, 2025

PER CURIAM.

Appellant Chunmei Liang appeals the final order by the
Florida Board of Massage Therapy ("Board") revoking her license
to practice massage therapy. She argues that the Board abused
its discretion by deviating from the disciplinary guidelines and
applying an aggravating factor without factual support.

Liang was the owner and designated establishment manager
of a licensed massage establishment. The Department of Health
("Department") filed an administrative complaint with the Board,
charging Liang with violating section 480.046(1)(p), Florida
Statutes (2021), which provides that violating any provision of

chapter 480 is a ground for disciplinary action. The Department alleged that Liang, as the owner and designated establishment manager, violated section 480.043(1), Florida Statutes (2021), because she is responsible for ensuring compliance with all requirements related to operating the establishment. The Department also alleged that Liang violated section 480.046(1)(f), Florida Statutes (2021), by aiding, assisting, procuring, or advising an unlicensed person to practice massage therapy.

At the hearing, Liang admitted the factual allegations in the complaint and offered mitigation. The Board adopted the findings of fact alleged in the complaint and concluded that Liang violated chapter 480. The Department recommended that the Board suspend Liang's license for thirty days. The Board disagreed with the recommendation and moved for revocation.

The Board Chair motioned for the Board to apply the "deterrent effect" aggravator and explained that the aggravator could apply so that Liang "doesn't have any further violations in the future, that this would prohibit behavior of this nature." The Board then voted for revocation based on the "deterrent effect" aggravator. The Board entered a final order revoking Appellant's license. This appeal follows.

Section 120.68, Florida Statutes, governs our review of final agency action. We review the Board's factual findings for competent, substantial evidence and its imposition of a penalty for abuse of discretion. *See* § 120.68(7)(b), (e) Fla. Stat.; *Kale v. Dep't of Health*, 175 So. 3d 815, 817 (Fla. 1st DCA 2015).

While the Board has broad discretion when imposing penalties, it is limited to the range delegated by law and must be consistent with the Board's promulgated rules. *See* § 120.68(7)(e)1.–2., Fla. Stat. Florida law authorizes the Board to adopt disciplinary guidelines by rule. § 456.079(1), Fla. Stat. Accordingly, the Board adopted rule 64B7–30.002 of the Florida Administrative Code, which provides the recommended ranges of penalties to be imposed by the Board and a list of aggravating or mitigating factors.

2

Liang was subject to penalties under rule 64B7–30.002(2)(f) for "[a]iding, assisting, procuring, or advising any unlicensed person to practice massage contrary to the provisions of Chapter 480." Fla. Admin. Code R. 64B7–30.002(2)(f). If the violation is the first offense, the penalty is suspension. *Id.* Upon a subsequent offense, the penalty range is "[s]uspension and $2,500 fine to revocation and $2,500 fine." *Id.* But the Board deviated from the recommended penalty for a first offense and revoked Liang's license based on an aggravating factor—the "deterrent effect of the penalty imposed" under rule 64B7–30.002(3)(f).

To impose a penalty outside the disciplinary guidelines, the Board was required make "[a] specific finding in the final order of mitigating or aggravating circumstances." § 456.079(3), Fla. Stat. Meaning, as explained in *Brewer v. Fla. Dep't of Health, Bd. of Nursing*, 268 So. 3d 871, 874 (Fla. 1st DCA 2019), that the Board must find that the record supports application of a particular aggravating factor. *See also Aleong v. Dep't of Bus. and Pro. Regul.*, 16 So. 3d 190, 193 (Fla. 4th DCA 2009) (explaining that finding a licensee was previously on probation may support the aggravating factor of deterrent effect).

The record contains no facts to support application of the aggravating factor of "deterrent effect of the penalty imposed." Because Liang proceeded to an informal hearing and admitted the factual allegations in the complaint, the only facts before the Board were those it adopted in the complaint. And the complaint alleged only that Liang aided an unlicensed person in practicing massage therapy. Without facts supporting application of a mitigating or aggravating factor, the Board was required to impose a penalty under disciplinary guidelines provided under rule 64B7–30.002(2). Because no competent, substantial evidence supports the aggravating factor applied, the Board abused its discretion by deviating from the guidelines and revoking Liang's license. Therefore, we set aside the Board's revocation order and remand to the Board for further proceedings consistent with this opinion. *See* § 120.68(7), Fla. Stat.

SET ASIDE AND REMANDED.

ROWE and LONG, JJ., concur; KELSEY, J., concurs in result.

3

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————


Bernard M. Cassidy of Lubell & Rosen, Fort Lauderdale, for Appellant.

Sarah Young Hodges, Chief Appellate Counsel, Tallahassee, for Appellee.